EXCISE BOARD, GRADY COUNTY, v. GRIGGS.

No. 30965.  June 15, 1943.

*138 P. 2d 829.*

RILEY, J. This is an appeal from an order of the district court of Grady county awarding defendant in error a writ of mandamus commanding the excise board of Grady county to make a levy of taxes sufficient to pay one-third of an award of the State Industrial Commission made in favor of plaintiff under the Workmen's Compensation Act.

On May 27, 1941, Hon. Wylie Snow, as a member of the State Industrial Commission, made and entered an award on the claim of Charles C. Griggs, plaintiff in this action, against Grady county under the Workmen's Compensation Act for 10% permanent loss of the use of his right foot, computed for 15 weeks at the rate of $11.54 per week, and a further award for other permanent injuries under the "other cases clause" of the Workmen's Compensation Act, in the sum of $8 per week, for a period not to exceed 300 weeks.

The county appealed to the commission en banc, where on August 2, 1941, the award was in all things affirmed. No proceedings in the Supreme Court to review the award were had, and said award became final on August 22, 1941. No payment was made on the award, and on September 4, 1941, the State Industrial Commission, on application of claimant, made and entered a finding that the county was in default, and entered an order authorizing claimant to file a certified copy of the order and award in the office of the court clerk of Grady county. Certified copies were filed in the office of the court clerk of Grady county on September 15, 1941. Thereafter a certified copy was presented to the county treasurer for payment, and payment refused. There was no appropriation out of which payment could be made, no available money in the sinking fund of the county for payment. Request for a levy to pay one-third of the total amount of the award being denied, the plaintiff commenced this action for a writ of mandamus. Alternative writ was issued, returnable September 18, 1941. The matter was presented to and heard by the district court on September 18, 1941, resulting

T. H. Williams, Jr., of Chickasha, for plaintiff in error.

Ben Goff, of Chickasha, and Page & Spencer, of Oklahoma City, for defendant in error.

in the issuance of a peremptory writ of mandamus commanding the excise board of Grady county to immediately make a levy for the sinking fund of the county sufficient to pay one-third of plaintiff's judgment, together with interest accruing to June 30, 1942. The excise board appeals.

It is first contended that the trial court erred in holding that plaintiff was the owner and holder of the legal judgment against Grady county in the sum of $2,634.92, and that the court erred in the issuance of the writ ordering the levy for the payment of one-third of said sum.

The record discloses an award by the State Industrial Commission as above set forth, and that the claimant, plaintiff herein, filed an application for an order authorizing the filing of the certified copy of the award in the office of the court clerk of Grady county, and the finding by the State Industrial Commission that the county had for a period of ten days failed to pay any part of the award which was due.

There is no contention as to the total amount of the award. The 15 weeks' compensation for 10% permanent loss of the use of one foot was all due at the date the award was made. Defendant contends that the award for permanent partial disability and decrease in earning capacity, at $8 per week for not to exceed 300 weeks, being subject to review by the State Industrial Commission, could not operate as a final judgment.

It is further asserted that the so-called "order of execution" authorizing plaintiff to file a certified copy of the award in the office of the court clerk in accordance with section 13366, O. S. 1931, was insufficient and did not, as a matter of law, commute the entire award to a lump sum. The order did not purport so to do. It is not the order of the Industrial Commission that commutes the entire award and makes the same due and payable. Title 85, O. S. 1941 § 41, among other things, provides:

"Failure for ten days to pay any final award or any portion thereof as ordered, shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodical installments unpaid, shall thereupon become due and may be immediately enforced as provided by section 13366 of this chapter." (Title 85, O. S. 1941 § 42.)

Title 85, O. S. 1941 § 42, provides:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefor, the commission may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall be entered on the judgment docket of the district court, and shall have the same force and be subject to the same law as judgments of the district court. . . ."

There was complete compliance with the provisions of said sections. It was by operation of law and not by order of the State Industrial Commission that all unpaid portions of the award became due and subject to enforcement.

There is no merit in defendant's contention.

It is next asserted that there is no authority of law for the district court to commute periodical installments into a lump sum. The district court did not so do. It was caused by failure of defendant to pay the amount due. The finding of the State Industrial Commission that defendant was in default made applicable the statute under which the entire amount of the award became due. Under the law the county is in the same position as any other employer or insurance carrier who fails to make payments of a final award as and when due.

It is suggested that the decree cannot be sustained against the county because the law prohibits the issuance of an execution against the county. The

plaintiff is not seeking an execution against the county. He is merely seeking payment of a judgment in the manner provided by law. Where there is no money in the sinking fund out of which a judgment against a county may be paid, then the judgment creditor is entitled to have a tax levied for one-third of the judgment each year until it is paid in full. Board of Education of City of Drumright v. Board of Commissioners of Creek County, 171 Okla. 464, 43 P. 2d 139.

It is next contended that because plaintiff's claim did not accrue as a judgment against the county until after July 1, 1941, no levy could be made to pay the judgment or any part thereof until the next fiscal year. Board of Education v. Board of Commissioners of Creek County, supra, is relied upon. But in that case judgment was not rendered against the county until December 4th. There was no showing that the county budget had not been completed and the tax levy certified at that time. In the instant case the plaintiff's claim became effective as a judgment against the county before the county budget was certified to the State Auditor. There was no valid reason why that part of plaintiff's judgment which he was entitled to have paid should not have been included therein.

It is urged that the questions here involved have become moot since no levy can now be made for the fiscal year 1941-42. While this is true as to the particular year, yet for the guidance of the county officials in similar circumstances, we deem it proper to hold that the appeal is without merit.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. OSBORN and DAVISON, JJ., absent.