SCHMIDT et al. v. MONCRIEF et al.

No. 31320. Sept. 26, 1944.

*151 P. 2d 920.*

Mont R. Powell, L. B. Moore, and T. D. Lyons, all of Oklahoma City, for petitioners.

Tom G. Drake, of Oklahoma City, for respondents.

BAYLESS, J. This is an original proceeding brought by petitioner, George G. Schmidt, and his insurance carrier, the State Insurance Fund, to review an order of revivor made in behalf of the beneficiaries, under 85 O. S. 1941 § 41, of Walter Moncrief, hereinafter called claimant, reviving the award for permanent total disability.

On the 7th day of January, 1942, claimant filed his first notice of injury and claim for compensation stating that he injured his back and hip on December 18, 1941, while employed as a carpenter for the petitioner, George G. Schmidt. On the 9th day of February, 1942, the State Industrial Commission found that claimant sustained an accidental injury arising out of and in the course of his employment and ordered payment of total temporary disability at the rate of $13.46 per week not to exceed 300 weeks. On the 30th day of April, 1942, there was a further order for payment of temporary partial disability and on the 25th day of July, 1942, an award was entered for permanent total disability. This award became final. On January 1, 1943, claimant died, and on January 4, 1943, the respondents filed a motion to revive the award in the name of the beneficiaries designated by 85 O.S. 1941 §41 et seq. Thereafter, hearings having been conducted, the State Industrial Commission entered its order of revivor and made a finding that the claimant died from causes other than the injury. This order was dated January 29, 1943, and this proceeding is brought to review the same.

Petitioners urge that the question of whether the award can be revived is one of jurisdiction, and being a jurisdictional issue cannot be allowed to rest upon the finding of the State Industrial Commission (McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32, but that it is necessary for this court to weigh the evidence and arrive at its independent conclusion concerning its weight and value. They urge this upon the theory that before this award can be revived in the name of the beneficiaries it is necessary to determine whether the claimant's death was from causes other than the injury whereon his award was based. They argue further that this is so because to hold otherwise would bring 85 O.S. 1941 §41 into intolerable conflict with article 23, sec. 7, Constitution of Oklahoma.

As opposed to this, respondents contend that under the following quoted language of section 41, supra, " . . . in case of death of claimant, at any time before satisfaction or payment of the total award made, the same shall not abate, but shall be revived in favor of the person or persons determined by the commission to be entitled thereto . . . ", an award that has become final but which has not been paid in full does not abate on the death of the claimant, irrespective of the cause of his death.

Petitioners cite 85 O.S. 1941, § 121, as construed by Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. 2d 333, as illustrative of the purpose to not apply the Workmen's Compensation Law in instances where the claimant dies following the injury, irrespective of whether the injury has any causal relation to his death. They then cite the above-quoted portion of section 41, as

well as another portion thereof reading: "An award for disability may be made after the death of the injured employee, when death results from causes other than the injury", and insist that these provisions, which evince a purpose diametrically opposed to that mentioned in section 121, supra, as construed in Parkhill v. Emery, supra, are an attempt to confer jurisdiction upon the Industrial Commission, in its administration of the Workmen's Compensation Law, to do things with claims after death of the claimant that are necessarily in violation of the provision of our Constitution mentioned above.

It must be kept in mind that the two above-quoted portions of section 41, supra, deal with two different situations. The first above-quoted portion of said section 41 follows language which makes a final award a vested right as "a final adjudicated obligation" (although it may be modified under certain conditions during the lifetime of the claimant) and thus deals with a situation where the award existed prior to claimant's death. The fact that the Legislature has seen fit to make this award, this vested adjudicated obligation, survive to the statutory beneficiaries following the death of the claimant, irrespective of the cause of the death of the claimant, does not violate the above-cited constitutional provision. Being a finally adjudicated obligation, it could not have any effect upon or in any wise limit any cause of action for death brought under 12 O.S. 1941 §§1051-1054. Two reasons exist for this. First, if the award is made and becomes final and is fully paid or, as stated in section 41, supra, is not fully paid, and death results from the compensable injury, the award is analogous to a judgment that may have been obtained in an action for personal injuries and paid, or be subject to collection, and death then resulted from the injuries, for we have said that in such an instance the cause of action that comes into existence at the death in favor of those named in section 1053, supra, is a new cause of action unaffected by the prior judgment. St. L. &

S. F. Ry. Co. v. Goode, 42 Okla. 784, 142 P. 1185; and Stokes v. Callum, 120 Okla. 133, 252 P. 390. See L. E. Whitham Const. Co. v. Remer, 105 Fed. 2d 371, and 16 Am. Jur. 98, §143, and footnotes, and 39 A.L.R. 579 et seq. Thus, if the claimant died from his compensable injury after the award is final, the award could not be pleaded or proved as a limitation on the cause of action in favor of his next of kin. Second, if after the award is final, death results from other causes, the award, being based on facts extraneous to the cause of death, would not be germane to any issue in the action to recover for death and could not be pleaded or proved.

The second status dealt with in section 41, supra, relates to the second above-quoted portion where the death of the claimant intervenes before an award can be made. In such a case, from the plain language of the quoted provision, the Legislature, in a cautious effort to avoid clashing with the constitutional provision above quoted, required the commission to determine whether the injury upon which the claimant's claim for compensation rested in any wise contributed to his death, and withdrew the jurisdiction of the commission if it did, but allowed the commission to retain full jurisdiction to make an award in favor of the statutory beneficiaries if the death occurred from causes other than the injury. Such an award would be analogous to a judgment during life for personal injuries, spoken of in the preceding paragraph. Such an award would then assume the same status as the one first above mentioned, and, since the facts upon which it depended for its adjudication did not relate to the facts out of which the claimant's death arose, it could not affect any cause of action that might exist under 12 O.S. 1941 §§1051-1054.

We are of the opinion that the contention of the petitioners with respect to the unconstitutionality of section 41, supra, is without merit.

We are of the opinion that the con-

tention of the respondents that they are entitled to an order reviving an award, which was made and became final during the lifetime of the claimant, irrespective of the cause of his death, and that it is not necessary to weigh the evidence to determine whether the tuberculosis from which he admittedly died was in any wise effected by his compensable injury, is correct. Under the first above quoted portion of section 41, it is necessary only to show a final award, the death of the claimant, and an unpaid balance.

We are not unaware of the language of Indian Terr. Ill. Oil Co. v. Pettyjohn, 179 Okla. 222, 65 P. 2d 415, wherein it was held, with respect to the particular award which was then on appeal and was not final, that it was necessary to a revivor to show that the death of the claimant was from causes other than the injury whereon he based his claim. Insofar as it was then thought necessary to find on the theory that the award was not final, that opinion may be sustained, but we are of the opinion that since such an award appealed from, if affirmed, would relate back to the date of its rendition that the finding required therein is not entirely appropriate; yet we recognize, if the award appealed from should be vacated, the claimant or his beneficiaries would then be governed by the second status treated in section 41. We regard the fact situation in that case such as to perhaps justify that holding, but to be so different from the facts in this case as to not make it authority herein.

The order appealed from is affirmed.

CORN, C. J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and HURST, J., concur in conclusion.