## SPECIAL INDEMNITY FUND v. DUFF et al.

No. 32393.   March 23, 1948.

*191 P. 2d 584.*

Mont R. Powell and Don Anderson both of Oklahoma City, for petitioner.

William O. Coe, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding brought by the Special Indemnity Fund to review an award entered by the Industrial Commission awarding compensation in favor of respondent Cecil Austin Duff.

Pertinent to the issues raised and contentions made, the commission found that respondent claimant, while performing his duties for Wilson & Company, suffered an accidental injury, covered by the Workmen's Compensation Law, to his right thumb December 14, 1944, resulting in 50 per cent permanent partial loss thereof and a 20 per cent permanent partial loss of the use of the hand; that in 1928 claimant sustained an injury resulting in the loss of use of the index and middle fingers of the right hand and by reason thereof he had at the time of the trial 29½ per cent permanent partial loss of use of the hand; and that claimant was a "physically impaired person" by reason of said old injury to the fingers.

In accordance with the foregoing findings, an order was entered against the employer for 20 per cent loss of the hand (40 weeks) at the correct rate of compensation, which it paid, and 29½ per cent of the hand (59 weeks) against the Special Indemnity Fund.

The Fund contends that the commission was without authority to convert the loss of use of respondent's fingers and thumb into a permanent partial disability to the hand. The only award the commission could have properly made, it says, would have been an award against the employer, Wilson & Company, for the disability sustained as a result of the last injury, the loss of use of the thumb.

Combined disability resulting from old, pre-existing condition, injury, or disability, and new, subsequent, and compensable disability being the only basis for an award against the Fund,

the contention of the Fund would be true except for the fact that permanent disability to more than one member of the hand is by combination a disability to the hand.

Here the loss of use of the fingers by amputation combined to produce a disability to the hand. Said loss of use of the fingers resulting from the old injury may be combined with the permanent partial loss of use of the thumb of the same hand. (Special Indemnity Fund v. Wade, 199 Okla. 547, 189 P. 2d 609. The combination thereof constitutes a disability to the hand.

We have on different occasions held that disability resulting from the combined effects of multiple injuries to minor members, such as fingers and thumb, may be fixed on the basis of the hand where evidence shows the cumulative effect of such injuries is to create such disability. Planters' Gin Co. v. McCurley, 157 Okla. 273, 12 P. 2d 173; Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815, and other cases. In the recent case, Special Indemnity Fund v. Taylor, 199 Okla. 571, 188 P. 2d 866, we were urged to overrule the above cases. This we declined to do, and after again reviewing and analyzing the various provisions of the Workmen's Compensation Act applicable, we again adhere to the rule announced in the above cases.

The evidence shows that the first and second fingers were totally lost by amputation and serious permanent impairment sustained to the third by amputation. The claimant had a disability to the hand and was therefore a "physically impaired person" as defined by 85 O.S. 1943 Supp. §171, and interpreted by us in Special Indemnity Fund v. Wade, supra. The proof reasonably tends to support the finding of the commission that the combined permanent disability flowing from the old condition by reason of the old injuries to the fingers and the subsequent compensable permanent injury to the thumb of the same hand amounted to 49½

per cent permanent partial disability to said hand (99 weeks). The basis of the award against the Fund was correctly determined.

The evidence conclusively shows that the distal joint of the thumb was amputated and there was no other injury or disability to the thumb or hand by reason thereof. According to the schedule of the Workmen's Compensation Law and all the evidence on the point, the disability by reason of the later injury was 50 per cent of a thumb or 30 weeks. This amount should have been ordered against the employer, but instead the commission ordered it to pay 20 per cent as disability to the hand on this account which was testified to by a doctor, witness for claimant. A permanent partial injury to a thumb cannot be transposed into an injury to the hand without competent evidence of disability to the hand resulting therefrom. The award against the employer should have been for 50 per cent of a thumb. This does not mean, however, that the award against the Fund must be vacated. By reason of the excessive award against the employer, the Fund pays less than it otherwise would (sec. 172 of the Act, supra), since the basis of the award against the Fund, combined disability, was correct, a miscalculation of the liability of the employer, not objected to by him, which is not prejudicial to the employee and is beneficial to the Fund, will not be vacated at the request of the Fund.

It has been shown that respondent died on December 4, 1946, and on that date 16 weeks of compensation awarded against the Special Indemnity Fund were unaccrued. The award was revived by the commission in favor of the minor heirs of deceased. Special Indemnity Fund contends that the commission was without authority to revive the award as against it. We think the revivor was proper. 85 O.S. 1941 §41. The Fund concedes that an award may properly be revived against the employer under said section, Schmidt et al. v. Moncrief et al., 194 Okla. 377,

151 P. 2d 920, but contends that such section has no application to an award made against it. It is asserted that the Special Indemnity Fund Act is a complete act in and of itself and that it contains no specific provision which would authorize a revivor of an award against it. It is argued that the provision of the Act, to the effect that an injured employee shall receive compensation on the basis of his combined disabilities as is now provided by the laws of this state, refer only to the method of computation of compensation as provided by 85 O.S. 1941 §22; that it does not indicate any intent upon the part of the Legislature that awards entered against it should be governed by the revivor provision of said section 41.

The Special Indemnity Fund Act, 85 O.S. 1943 Supp. §172, in part, provides:

"If an employee, who is a 'physically impaired person', receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, **as is now provided by the laws of this State,** but the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. After payments by the employer or his insurance carrier if any, have ceased, **the remainder of such compensation shall be paid out of the Special Indemnity Fund** provided for in Section 3 of this Act, in periodical installments and without commutation thereof to a lump sum. . . . "

When the Legislature declared that a "physically impaired person" should receive compensation on the basis of his combined disabilities as is now provided by the laws of this state, and that a designated portion thereof should be assessed against the employer and its insurance carrier and the balance should be paid out of the Special Indemnity Fund, it did not intend to limit the application of existing laws merely to the computation of compensation, but it evidently intended to make available all laws then in force to secure the full payment thereof including section 41, supra.

Award sustained.

D A V I S O N , V.C.J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur. HURST, C.J., and BAYLESS, and GIBSON, JJ., dissent.