SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

William Floyd HORNE, Sapulpa Tank Company, Tri-State Insurance Company, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36327.

Supreme Court of Oklahoma.

Nov. 3, 1954.

Mont R. Powell, Anthony R. Kane, William R. Saied, Oklahoma City, for petitioner.

Paul Pugh, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

On June 3, 1949, an award was entered in favor of claimant William Floyd Horne for $2,100, payable at the rate of $21 per week. This award was sustained in Special Indemnity Fund v. Horne, 208 Okl. 218, 254 P.2d 988. An order on the mandate was issued April 10, 1953. On April 29, 1953, the award was paid. The order provided:

"That the State Industrial Commission, by order made and entered herein on June 3, 1949, found for the claimant and directed that the Special Indemnity Fund of the State of Oklahoma pay to claimant the sum of $2100.00, payable $21.00 a week, to begin immediately thereafter; that an appeal was perfected to the Supreme Court of Oklahoma and an opinion of the Supreme Court of Oklahoma filed on March 17, 1953, in Cause No. 34204, affirmed the award of the State Industrial Commission. That the amount ordered under the order of the State Industrial Commission had theretofore accrued, and that thereafter and on or about 29th day of April, 1953, said $2100.00 was paid; that no interest on said judgment was paid by the Special Indemnity Fund.

"That interest should have been paid at that time at the rate of six percent (6%) per annum on the amount due under that order, from date of accrual until paid by the Special Indemnity Fund.

"It is therefore considered, ordered and adjudged that in accordance with the law in such cases made and provided the claimant William Floyd Horne have and recover against the Special Indemnity Fund of the State of Oklahoma interest at the rate of six percent (6%) per annum on accrued payments under the order of June 3, 1949, until date of payment."

This proceeding is brought by Special Indemnity Fund to review the order and presents the single issue that the State Industrial Commission erred in allowing interest from the date of the award. In this connection the claim is not made that the interest is incorrectly computed or that there is any error in connection therewith if the award draws interest under the provisions of the Workmen's Compensation Law.

In a reply brief petitioner stated that the award is not a judgment and that any authorization for interest must be found in the Workmen's Compensation Law itself. We agree. We further hold that the provision is simple and explicit. 85 O.S.1951 § 42, is as follows:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefor, the Commission may order a certified copy of the award to be filed in the office of the Court Clerk of any County, which award whether accumulative or lump sum shall be entered on the Judgment Docket of the District Court, and shall have the same force and be subject to the same law as judgments of the District Court. Any

compensation awarded and all payments thereof directed to be made by order of the Commission shall bear interest at the rate of 6% per annum from the date ordered paid by the Commission until the date of satisfaction thereof. Upon the filing of such certified copy of the Commission's award a writ of execution shall issue and such process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by the code of civil procedure. If any insurance carrier intentionally, knowingly, or wilfully violates any of the provisions of this Act, the Insurance Commissioners, on the request of the Commission, shall suspend or revoke the license or authority of such insurance carrier to do a compensation business in this State: Provided, however, the provisions of this Section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation."

That this statute covers awards on appeal cannot be successfully argued. It is argued that since 85 O.S.1951 §§ 41 and 42 provide for filing an award in the office of the court clerk of any county, sections 41 and 42, supra, limit the right to interest to awards properly filed in the office of the court clerk. We do not agree. In Hickman v. Gumerson, 190 Okl. 514, 125 P.2d 765, we held that section 42, supra, is an additional method of enforcing an award. This section is a compilation of acts of the Legislature. See, Codifier's notes 85 O.S.1951 § 42. The provision for interest is not related to the filing. It states simply that awards shall draw interest. There is no indication it should not draw interest while an appeal is pending and no reason appears why it should not from the language of this statute.

Petitioners cite 85 O.S.1951 § 29 and point to the language which provides that the award shall not become final while the same is on appeal. It is our opinion that this language has no effect upon the right to draw interest. A similar section in the law of civil procedure provides for appeals from judgments. 12 O.S.1951 § 972. Nevertheless it is held that judgments draw interest even though there be an appeal. We think the analogy is applicable here.

In another proposition petitioners argue that the acceptance of the $2,100 estops claimant from accepting the benefits of the interest. The award is collected by operation of law. No contractual relation exists between the claimant and petitioner. The acceptance of the $2,100 did not prevent his lawful right to the collection of the interest due.

Finally it is argued that the Special Indemnity Fund Act is not an amendment of the Workmen's Compensation Law but is a full and complete remedy afforded under the Special Indemnity Fund Act and since there is no provision for awards to draw interest any award against the Special Indemnity Fund for interest would be illegal. We do not agree. Petitioner has cited Special Indemnity Fund v. Farmer, 195 Okl. 262, 156 P.2d 815; Special Indemnity Fund v. Davidson, 196 Okl. 118, 162 P.2d 1016; Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609, and related cases. These cases are not in point on the question presented.

The statute provides that an award shall be made against Special Indemnity Fund and since by statutory provision awards draw interest an award for the collection of interest against Special Indemnity Fund is not only within the province of the Workmen's Compensation Law but does not conflict with any provision creating the Special Indemnity Fund.

The order allowing interest on the award is sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.