**BOETTCHER OIL AND GAS COMPANY and State Insurance Fund, Petitioners,**

v.

**Lois L. LAMB, a widow, and State Industrial Commission, Respondents.**

**No. 36190.**

Supreme Court of Oklahoma.

Nov. 3, 1954.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioners.

Kerr, Lambert, Conn & Roberts, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

The State Industrial Commission on April 3, 1952, entered an award for Lois L. Lamb, hereinafter called claimant, for the maximum amount under the Death Benefit Statute, Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. This award was sustained by this court. Boettcher Oil & Gas Co. v. Lamb, 208 Okl. 192, 255 P.2d 277.

Thereafter an order was entered by the State Industrial Commission directing payment of interest from the date of the award. Petitioners have brought this proceeding to review this order and raise the single issue that the State Industrial Commission erred in ordering interest from the date of the award.

85 O.S.1951 § 42, provides:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefore, the Commission may order a certified copy of the award to be filed in the office of the Court Clerk of any County, which award whether accumulative or lump sum shall be entered on the Judgment Docket of the District Court, and shall have the same force and be subject to the same law as judgments of the District Court. Any compensation awarded and all payments thereof directed to be made by order of the Commission shall bear interest at the rate of 6% per annum from the date ordered paid by the Commission until the date of satisfaction thereof. Upon the filing of such certified copy of the Commission's award a writ of execution shall issue and such process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by the code of civil procedure. If any insurance carrier intentionally, knowingly, or wilfully violates any of the provisions of this Act, the Insurance Commissioners, on the request of the Commission, shall suspend or revoke

the license or authority of such insurance carrier to do a compensation business in this State. Provided, however, the provisions of this Section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation."

We are of the opinion and hold that section 42, supra, provides for interest from the date of the award when it becomes final without appeal or is affirmed on appeal. 85 O.S.1951 § 41, provides in part as follows:

"* * * Failure for ten days to pay any final award or any portion thereof as ordered, shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodical installments unpaid, shall thereupon become due and may be immediately enforced as provided by Section 13366 of this chapter."

It is argued that sections 41 and 42, supra, must be construed together and that no interest can be allowed on an award unless the award has been filed with the clerk of the court as provided therein. If this were true, a great injustice would be done claimant and an additional cost added to both claimant and one against whom an award is made without any logical explanation. We have held that the filing of an award in the office of the court clerk is cumulative. Hickman v. Gumerson, 190 Okl. 514, 125 P.2d 765.

Several cases are cited by respondents from foreign jurisdiction. In a reply brief petitioners attempt to distinguish these cases. Since the distinction made by petitioners is based on the fact that the particular statute in the foreign jurisdiction provides for interest while our statute does not so provide we find it of no particular benefit to analyze these cases for if our statute provides for interest the distinction would not be applicable. By reference to section 42, supra, it is noted there is a definite provision for interest. When an award is filed in the office of the court clerk it draws interest as a judgment. If it were true that an award draws interest only when filed in the office of the court clerk the question arises as to why it was necessary to provide in section 42, supra, that the award should draw interest. The conclusion is inescapable that it was the intention of the legislature to provide interest separate and apart from the filing of the award in the office of the court clerk.

Finally petitioners argue that the Death Benefit Statute, supra, does not provide for interest. An award draws interest under section 42, supra. Any provision under the Death Benefit Act can only be established by an award. This contention is without serious merit. It also conflicts with the admission in proposition one of petitioners that the award would draw interest from the date it was filed in the office of the court clerk.

The State Industrial Commission was correct in holding that under the provisions of Section 42, supra, an award draws interest from the date thereof and the order as made by the State Industrial Commission is sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.