SPECIAL INDEMNITY FUND of. the State of Oklahoma, Administered by the State Insurance Fund, Petitioner,

v.

Eugene HULL and The State Industrial Court of the State of Oklahoma, Respondents.

No. 39740.

Supreme Court of Oklahoma.

Feb. 20, 1962.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioner.

Clay Wise, Oklahoma City, for respondent, Eugene Hull.

Mac Q. Williamson, Atty. Gen., for respondent, State Industrial Court.

JOHNSON, Justice.

Under review in this proceeding is the trial tribunal's order commuting into a

lump-sum one-fourth of unmatured benefits under an accumulative award against the Special Indemnity Fund (designated in this opinion as the Fund).

Claimant was adjudged on March 23, 1961 to be permanently totally disabled from the cumulative effect of his pre-existing impairments, considered in combination with the last accidental injury. He recovered an award against the Fund for the sum of $9,239.17 (500 weeks at $30.00 per week, or $15,000.00, less the sum of $5,760.-00 paid by the last employer in temporary and permanent benefits). The present proceeding for partial commutation of this award was instituted on April 3, 1961, and a hearing took place on May 1, 1961. The commutation so sought was allowed by order of the trial tribunal en banc entered on June 29, 1961. Our review is sought by the Fund.

According to the evidence, claimant's family consists of his wife and three children, whose ages are five, seven and sixteen. The fourth child, a boy, attends college and lives away from home. He is entirely self-sustaining. For some sixteen years (preceding the hearing) claimant has owned a home which is encumbered by two loans: one for $1,304.63 and the other for $997.57. The latter loan was secured by claimant about two weeks before the hearing for the purpose of repairs and adding a porch and a new room. The monthly payments on the first loan are $35.00 per month, and the second loan is payable at slightly over $15.00 per month. Claimant owes $428.69 on his furniture (payable at $21.00 per month) purchased two weeks before the hearing, and $300.00 on his car (payable at $40.00 per month). He is indebted in the sum of $394.21 for the purchase of a piano, (this account is payable at $10.00 per month) and in the sum of $147.23 for a refrigerator. Aside from these debts, he has miscellaneous additional obligations in the total amount of approximately $78.00. It is undisputed that none of these debts are delinquent. The aggregate of monthly payments owed is $121.00 and

his grocery bill amounts to $180.00 per month. Thus the total expenditures shown by the record are $301.00. Claimant did not give testimony as to his other current expenses, such as utilities, laundry, medical and dental bills, or the like.

Claimant is receiving a social security pension of $236.00 per month. Computed on a monthly basis, his *net* benefits under the award against the Fund amount to $100.00 per month; hence his total monthly income is $336.00. From April 8, 1958 to May 1, 1960, claimant has collected under various awards the total of $13,410.00 (less counsel fees). Of this amount he has saved $500.00 which is held by him "for emergency."

Commutation was sought for the sole purpose of satisfying the aggregate of claimant's unmatured obligations which are in excess of $3,000.00.

The Fund urges that there is an entire absence of evidence to show a "good cause" for relief in a situation of "extreme hardship," as required by 85 O.S.Supp.1959 § 172, and asserts that the order allowing commutation is therefore unauthorized by law. So far as pertinent, the cited statute provides:

"* * * Provided that whenever an injured employee receives an award in excess of Seven Thousand Five Hundred ($7,500.00), Dollars payable out of the Special Indemnity Fund, said injured employee, *for good cause shown, in cases of extreme hardship,* may have said award commuted to a lump sum payment by permission of a majority of the members of the State Industrial Commission (now Court). Said lump sum payment not to exceed twenty-five (25%) per cent of the total award payable by the Special Indemnity Fund. * * *" (Emphasis ours.)

▮ The standards governing commutation of awards against the Special Indemnity Fund are entirely different and dissimilar from those which apply to awards

against employers. An award against the employer may be commuted to a lump-sum in the exercise of a wide discretion and "plenary authority" vested in the State Industrial Court by the provisions of 85 O.S. 1951 § 41. Cole Spurgeon Drilling Company v. Parris, Okl., 346 P.2d 173. But in commutation proceedings against the Fund, the trial tribunal is governed and its power restricted by the terms of the quoted statute (85 O.S.Supp.1959 § 172) which plainly requires claimant to show proof of a "good cause" for relief in a situation characterized by "extreme hardship."

The restrictive provisions contained in 85 O.S.Supp.1959 § 172 are manifestly designed to confine lump-sum awards against the Fund to those instances where relief is essential to protect claimant's family from want and privation or to facilitate production of income. The statutory power may not be used with the view of improving claimant's existing standard of living. When commutation is sought for the sole purpose of satisfying outstanding obligations, the facts must disclose a present and immediate need for a lump-sum award in order to maintain claimant's family at a level consistent with the minimum requirements of a decent and wholesome livelihood.

The *undisputed* evidence in the cause under review does not disclose the presence of any statutory prerequisites to an order of commutation. We must bear in mind that the sole ground urged by claimant for securing a lump-sum award was the avowed urgency of satisfying his outstanding debts. So far as the record discloses, all of the obligations were arranged in convenient long-term installments, and none were delinquent at the time of the hearing. Nor does it appear that claimant's current monthly income of $336.00 was insufficient to meet the aggregate of his monthly obligations as they fall due. The total amount of monthly payments is only $121.00. There is an absence of satisfactory proof as to the remainder of claimant's current living expenses. We also note that two substantial items of liability were incurred by claimant subsequent to the filing of his motion to commute. One of these was for home improvement and the other for furniture, but the evidence does not show that these liabilities were incurred as a matter of absolute necessity. All the requisite elements of proof may be available, but the record before us utterly fails to disclose their presence.

The order allowing commutation is entirely unsupported by competent evidence showing a "good cause" for relief in a situation characterized by "extreme hardship." The record is wholly silent concerning other necessary living expenses which, when shown, may or may not bring this cause within the terms of the statute. There is no evidence concerning the cost of clothing, fuel, utilities, medicinal expense and other necessary expenses involved in ordinary living. The disclosure of these items may well bring claimant's application within the statutory provisions. In the absence of such proof, it follows as a matter of law that the trial tribunal's decision granting commutation is unauthorized. Bond Marble & Tile Office v. Rose, Okl., 322 P.2d 1063.

Order allowing commutation is accordingly vacated without prejudice to further proceedings to determine whether the inclusion of omitted items may bring the matter within the statutory provisions. Bethlehem Supply Company v. Lee, Okl., 350 P.2d 598, 601.

WILLIAMS, C. J., and DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.