SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

James LAXTON and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40942.

Supreme Court of Oklahoma.

March 30, 1965.

Mont R. Powell, Guy A. Secor, Oklahoma City, for petitioner.

Marx Childers, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

HALLEY, Chief Justice.

This is an original proceeding brought by the Special Indemnity Fund (designated in this opinion as the "Fund") to review the State Industrial Court's order that it pay the trial judge's order of June 3, 1963, in a lump sum with interest from June 23, 1963.

The facts are not in dispute. On April 10, 1961, claimant filed his first notice of injury and claim for compensation, stating that while employed by Thomason Lumber Company he sustained an accidental injury arising out of and in the course of his employment when he received multiple injuries and burns to his body. The trial judge entered an order on April 17, 1963, finding that claimant sustained an accidental injury as alleged and awarded claimant compensation based upon 55% permanent partial disability to the body as a whole. On June 3, 1963, the trial judge entered an order, pursuant to a hearing on May 29, 1963, approving a settlement of the above award on joint petition.

Claimant was then adjudged permanently totally disabled on June 3, 1963, from the cumulative effects of a pre-existing injury considered in combination with his last accidental injury and the trial judge, after making the deductions provided by law, " * * * ORDERED That the Special Indemnity Fund begin payments

to claimant forthwith of $30.00 per week, and continue same until the entire award of $4,190.00 has been paid * * *." On June 12, 1963, the Fund appealed the award to the court en banc. The order of the trial judge of June 3, 1963, was " * * * adopted, affirmed and made the judgment and order * * *" by unanimous vote of the entire Industrial Court on October 28, 1963, and a certified copy of the Order on Appeal was mailed to the parties affected on October 30, 1963.

The Fund began payments of benefits to claimant by forwarding him a check for $60.00, dated November 8, 1963, representing two weeks' compensation, and thereafter by sending him its second check for $60.00, dated November 22, 1963, representing the following two weeks' compensation. The record does not reflect other payment and both checks were refused and returned by claimant.

On November 26, 1963, claimant filed a motion to accelerate his award against the Fund in the Industrial Court wherein he contended that the Fund had failed for over ten days to pay said award, or a portion thereof as ordered, and that he was entitled, under 85 O.S.1961 § 41 and § 42, to an order finding the Fund to be in default. He prayed that all unpaid portions, including future periodical installments unpaid, "be accelerated, commuted to a lump sum, and ordered paid to the claimant together with 6% interest from the 14th day of June, * * *."

A hearing was had upon the motion before a trial judge, and thereafter on March 4, 1964, the Fund was ordered "to pay, in a lump sum, the order of the trial judge, of June 3, 1963, with interest at the rate of 6 per cent per annum, beginning June 23, 1963." Our review of this order is sought by the Fund.

In argument, the Fund first contends that it is the duty of the Industrial Court to make specific findings of ultimate facts as well as conclusions of law upon which an order is made, and that the order

in this case is too indefinite and uncertain for judicial interpretation. We do not find that the order, insofar as it orders the Fund to pay the award in a lump sum with interest, is indefinite and uncertain. Excise Board of Grady County v. Griggs, 192 Okl. 636, 138 P.2d 829; Pruitt v. Mid-Continent Pipe Line Company et al., Okl., 361 P.2d 494; McMurtrey v. American Association of Petroleum Geologists et al., Okl., 383 P.2d 215.

■ The Fund next urges that the Industrial Court's final order was October 28, 1963, and that it complied with the order by making its first payment of $60.00 on November 8, 1963. It relies upon Adams v. City of Anadarko et al., 202 Okl. 72, 210 P.2d 151; 101 C.J.S. Workmen's Compensation § 782; Nelson v. Central State Roofing Company et al., Okl., 345 P.2d 866; Edmonds v. Skelly Oil Company et al., 204 Okl. 471, 231 P.2d 360; and Higgs v. State Industrial Commission et al., 197 Okl. 281, 170 P.2d 240, in support thereof.

We agree with the cited authorities and the Fund's contention that the award made by the Industrial Court on the hearing upon the appeal became the final order and award of the Industrial Court, but the Fund failed to comply with that order. The Order on Appeal directed the Fund to begin payments to claimant on June 3, 1963, of $30.00 per week; and on October 28, 1963, claimant was entitled to a lump sum payment of all installments accrued from June 3, 1963, and a continuation of weekly benefits in accordance with the terms of the order. When the Fund failed to pay in a lump sum all installments accrued within ten days after October 28, 1963, it failed to comply with the court en banc's order and was therefore in default.

■ We think that Special Indemnity Fund v. Bryant et al., 205 Okl. 630, 239 P.2d 1014, is in point here. We held in the second paragraph of the syllabus:

"The payments to be made by Special Indemnity Fund in an award against it under the provisions of 85 O.S.1945

Supp. § 172, begin when the payments have ceased in the award made against the employer; and where an order has been made on joint petition and payments thereof made by the employer, *the State Industrial Commission is authorized to order payments on the award against Special Indemnity Fund to commence immediately thereafter.*" (Emphasis added)

■ However, we are of the opinion and hold that the trial judge erred in ordering the Fund to pay future periodical installments in a lump sum in advance of their accrual. The standards governing the commuting of future periodical installments of an award to a lump sum against the Fund in advance of their accrual are entirely different and dissimilar from those which apply to awards against employers and their insurance carriers. An award against an employer and insurance carrier may be commuted to a lump sum in advance of accrual under 85 O.S.1961 § 41, but in such an action against the Fund, the trial tribunal is governed and its powers restricted by the terms of 85 O.S.1961 § 172.

85 O.S.1961 § 41, provides in part:

"* * * Failure for ten days to pay any final award or any portion thereof as ordered, shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, *including future periodical installments unpaid,* shall thereupon become due and may be immediately enforced as provided by Section 13366 of this Chapter." (Emphasis added)

85 O.S.1961 § 172, provides in part:

"* * * After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such *compensation shall be paid out of the Special Indemnity Fund provided for in § 173 of this title, in periodical installments.*

"Provided, that whenever an injured person receives an award in excess of

Seven Thousand Five Hundred Dollars ($7,500.00), payable out of the Special Indemnity Fund, said injured employee, for good cause shown, in cases of extreme hardship, may have said award commuted to a lump sum payment by permission of a majority of the members of the State Industrial Court, said lump sum payment not to exceed twenty-five percent (25%) of the total award payable by the Special Indemnity Fund. All other awards payable out of the Special Indemnity Fund shall be paid in periodical installments and without commutation thereof to a lump sum. Laws 1943, p. 258, § 2; Laws 1945, p. 418, § 1; Laws 1953, p. 432, § 1; Laws 1961, p. 640, § 1." (Emphasis added)

The trial judge erroneously based his order directing the Fund to pay periodical installments to claimant in a lump sum in advance of their accrual upon 85 O.S. 1961 § 41, when the court was clearly and expressly restricted by the mandatory provisions of 85 O.S.1961 § 172, directing that awards against the Special Indemnity Fund *shall be paid in periodical installments* without having an award commuted to a lump sum, except as provided therein.

The soundness of this conclusion was indicated in Special Indemnity Fund v. Hull et al., Okl., 369 P.2d 162, 163, wherein we said:

"The standards governing commutation of awards against the Special Indemnity Fund are entirely different and dissimilar from those which apply to awards against employers. An award against the employer may be commuted to a lump-sum in the exercise of a wide discretion and 'plenary authority' vested in the State Industrial Court by the provisions of 85 O.S.1951 § 41. Cole Spurgeon Drilling Company v. Parris, Okl., 346 P.2d 173. But in commutation proceedings against the Fund, the trial tribunal is governed and its power restricted by the terms of the quoted statute (85 O.S.Supp.1959 § 172) which

plainly requires claimant to show proof of a 'good cause' for relief in a situation characterized by 'extreme hardship.' "

Special Indemnity Fund v. Hobbs et al., 196 Okl. 318, 164 P.2d 980, is also persuasive. Here the State Industrial Commission ordered the Special Indemnity Fund to pay claimant's attorney's fee in a lump sum. This Court in modifying that order said at page 320 of the opinion, 164 P.2d at page 982:

"The petitioner next contends that the Commissioner erred in commuting to a lump sum the award for the purpose of paying the claimant's attorney's fees. The petitioner first takes the position that attorney's fees cannot be paid out of the award against the Special Indemnity Fund, and second, if it can be paid out of such fund, then it can only be paid in periodical payments, because Title 85 O.S.Supp.1943 § 172 provides that the award against the Special Indemnity Fund shall be paid 'in periodical installments and without commutation thereof to a lump sum.' * * * We hold that attorney's fees may be paid out of compensation payable to a claimant from the Special Indemnity Fund. *However, the language of Title 85 O.S.Supp.1943 § 172 is mandatory in directing the payments to be made in periodical installments and prevents the commutation of the award to a lump sum.* The provisions of the order requiring the attorney's fees to be paid from the latter part of the award is approved, but the order should provide that such payment be made in periodical installments as provided by the statute for the payment of compensation to the claimant. The order is modified to that extent." (Emphasis added) See also in this connection Special Indemnity Fund v. Bryant et al., supra.

Claimant cites Special Indemnity Fund v. Farmer et al., 195 Okl. 262, 156 P.2d 815 and Special Indemnity Fund v. Davidson

et al., 196 Okl. 118, 162 P.2d 1016, and contends that 85 O.S.1961 § 172 was a "supplement" rather than an "amendment" to the Workmen's Compensation Law and that it was not the Legislature's intention to thereby deprive the State Industrial Court of its power to accelerate an award as provided in 85 O.S.1961 § 41. The cited cases and contention are not in point for the above cited reasons. However, our holding does not leave an employee without means by which to enforce continuing compliance with an order such as the one involved in this proceeding. See Pruitt v. Mid-Continent Pipe Line Company et al., supra.

■ In the Fund's final proposition, it argues there is no authority for the Industrial Court's order that it pay 6% interest. This argument is without merit. 85 O.S.1961 § 42 provides if compensation or an installment thereof due under the terms of an award be not made within ten days after the same is due, the " * * * compensation awarded and all payments thereof directed to be made by order of the Commission shall bear interest at the rate of 6% per annum from the date ordered paid by the Commission until the date of satisfaction thereof."

Our opinion in Special Indemnity Fund v. Horne et al., Okl., 276 P.2d 240, is directly in point on the issue. There the proceeding was brought by the Special Indemnity Fund and presented the single issue that the State Industrial Commission erred in allowing interest from the date of the award. In the body of that decision, p. 242, we said:

"The statute provides that an award shall be made against Special Indemnity Fund and since by statutory provision awards draw interest an award for the collection of interest against Special Indemnity Fund is not only within the province of the Workmen's Compensation Law but *does not conflict with any provision creating the Special Indemnity Fund."* (Emphasis added)

In Boettcher Oil and Gas Company v. Lamb et al., Okl., 276 P.2d 243, 244, we held:

"We are of the opinion and hold that section 42, supra, provides for interest from the date of the award when it becomes final without appeal or is affirmed on appeal. * * *"

Therefore, since the Fund failed to pay the total accrued installments due claimant within ten days after October 28, 1963, (the date the award was affirmed on appeal) and no appeal was taken from the court en banc's order, claimant was entitled to 6% interest per annum on those accrued unpaid installments from October 28, 1963, until satisfied. Adams v. City of Anadarko et al., supra, Nelson v. Central State Roofing Company et al., supra; Edmonds v. Skelly Oil Co. et al., supra; Higgs v. State Industrial Commission et al., supra.

The order entered by the State Industrial Court is vacated and the cause is remanded with directions to proceed in accordance with the views herein expressed.

JACKSON, V. C. J., and DAVISON, BLACKBIRD and BERRY, JJ. concur.

WILLIAMS and IRWIN, JJ., dissent.

WILLIAMS, Justice (dissenting).

It is my strong conviction that three distinct legal concepts are directly involved in determining the true meaning of the statutes applicable to the situation in this case. The first is the concept of commutation of an award to a lump sum, as urged by petitioner, Special Indemnity Fund. In this connection it is to be noted that the last paragraph of 85 O.S.1961 § 172, states as follows:

"Provided, that whenever an injured person receives an award in excess of Seven Thousand Five Hundred Dollars ($7,500.00), payable out of the Special Indemnity Fund, said injured employee, for good cause shown, in cases of extreme hardship, may have said award commuted to a lump sum payment by

permission of a majority of the members of the State Industrial Court, said lump sum payment not to exceed twenty-five percent (25%) of the total award payable by the Special Indemnity Fund. All other awards payable out of the Special Indemnity Fund shall be paid in periodical installments and without commutation thereof to a lump sum."

We are particularly concerned with the meaning of the last sentence of the quoted paragraph.

It is as follows: "All other awards payable out of the Special Indemnity Fund shall be paid in periodical installments and without commutation thereof to a lump sum".

It is conceded that if the Legislature had provided by a separate section or sub-section that all awards except certain described ones payable out of the Special Indemnity Fund should be paid only in periodical installments, it would then be arguable that it meant and meant only what it apparently had said.

However, it is to be particularly noted here that the subject provision appeared at the tail-end of a paragraph which itself was a specific proviso referring to commutation of awards under the circumstances indicated in the statute in situations only where awards exceeding $7500.00 have been made.

In such a case, "said injured employee, for good cause shown, in cases of extreme hardship, may have said award commuted to a lump sum judgment."

It is to be further emphasized in this connection that the last part of the sentence in question specifically stated "and without commutation thereof to a lump sum".

It is my thought that in writing the sentence with which we are here concerned, the Legislature was thinking particularly and specifically and only of situations where claimants, because of hardship, would be seeking the commutation of awards and intended that the State Industrial Court should order the commutation to a lump sum in instances only where the award exceeded $7500.00 and then only to the extent of not to exceed 25% thereof and that in other situations where commutation should be sought awards from the Special Indemnity Fund should "be paid in periodical installments and without commutation thereof to a lump sum."

In 50 Am.Jur., Statutes, Sec. 244, pages 238, 239, is the following language:

"* * * (I)t is a general principle of interpretation that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. The rule applies even though there are no negative words excluding the things not mentioned * * *"

In the case of St. Louis-San Francisco Ry. Co. v. McIntosh, 103 Okl. 246, 229 P. 1064, 1067, we said:

"* * * (U)nless an act of the Legislature is so drawn as to clearly convey the idea that the levy provided for shall be in addition to the limitations provided in section 9692, it shall be construed to come within the terms and conditions of said section, and, as suggested by appellant, the familiar rule in the construction of the statute, 'Expressio unius est exclusio alterius,' is applicable. 25 R.C.L. 981, announces the rule as follows:

" 'It is a general principle of interpretation that the mention of one thing implies the exclusion of another thing; expressio unius est exclusio alterius. The affirmative description of the cases in which the jurisdiction may be exercised implies a negative on the exercise of such power in other cases. * * *'

"In the case of Ex parte Ballew, 201 P. 525, the Court of Criminal Appeals said:

" 'Applying the rule of statutory construction, "Expressio unius est exclusio alterius," the affirmative description and enumeration of the acts constituting contempt implies a negative as to the

exercise of such power in other cases not enumerated.' "

In 50 Am.Jur., Statutes, Sec. 249, pages 244, 245 and 246, is the following language:

" * * * (I)n accordance with what is commonly known as the rule of ejusdem generis, where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designation and as including only things or persons of the same kind, class, character, or nature as those specifically enumerated. The general words are deemed to have been used, not to the wide extent which they might bear if standing alone, but as related to words of more definite and particular meaning with which they are associated. * * * "

This Court in the case of Walton v. Donnelly, 83 Okl. 233, 201 P. 367, 369, 370, said:

"In an endeavor to ascertain the intent of the lawmakers, there are certain cardinal rules of construction to be used as an aid in guiding the court in arriving at the intention of the framers of the charter. One of these rules as announced in 25 R.C.L. p. 996, is as follows:

" 'General words in a statute must receive a general construction, unless there is something in it to restrain them, but in accordance with what is commonly known as the rule of ejusdem generis, where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be presumed to be restricted by the particular designation, and to include only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose.' "

"This court in applying the rule of ejusdem generis in the case of Board of County Commissioners v. Grimes, 75 Okl. 219, 182 Pac. 897, in the body of the opinion, stated as follows:

" 'General words do not explain or amplify particular terms preceding them, but are themselves restricted and explained by the particular terms.'

"The same rule was announced and applied in the case of Wolf v. Blackwell Oil Co., 77 Okl. 82 [81], 186 Pac. 484."

I do not believe we may properly say the Legislature by section 172 intended that in every instance than those specifically therein provided for an award could absolutely not be made except it be payable in periodical installments.

A second concept with which we are concerned in determining the measure of its responsibility and the time for fulfilling same by the Special Indemnity Fund is that of acceleration of payment.

85 O.S.1961, §§ 41 and 42, so far as applicable, are as follows:

" * * * Failure for ten days to pay any final award or any portion thereof as ordered, shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodical installments unpaid, shall thereupon become due and may be immediately enforced as provided by Section 13366 of this Chapter". 85 O.S.1961 § 41.

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefor, the Commission may order a certified copy of the award to be filed in the office of the Court Clerk of any County, which award whether accumulative or lump sum shall be en-

tered on the Judgment Docket of the District Court, and shall have the same force and be subject to the same law as judgments of the District Court. * * *" 85 O.S.1961, § 42.

In Pruitt v. Mid-Continent Pipe Line Co., Okl., 361 P.2d 494, 496, is the following language:

"The quoted enactments [85 O.S. 1961 §§ 41, 42], we have held, effect on employer's default an automatic acceleration in maturity of future periodical installments adjudged against the employer in a final accumulative award of the State Industrial Court. By force of law such unaccrued installments are commuted to a lump sum so that the entire unsatisfied obligation becomes due at once."

In the case of Excise Board of Grady County v. Griggs, 192 Okl. 636, 138 P.2d 829, 831, in referring to the automatic acceleration clause in sections 41 and 42, supra, we said:

" * * * It was by operation of law and not by order of the State Industrial Commission that all unpaid portions of the award became due and subject to enforcement."

In Pruitt v. Mid-Continent, supra, we further said:

"These provisions [85 O.S.1961 §§ 41, 42] facilitate expeditious enforcement of delinquent accumulative awards and enable the beneficiary-workman to compel satisfaction of the aggregate unpaid compensation adjudged in his favor. He can thereby avoid the cumbersome method of resorting to successive proceedings for the collection of individual installments as the same accrue and become due. Excise Board of Grady County v. Griggs, 192 Okl. 636, 138 P.2d 829; Rucks-Brandt Const. Corporation v. Silver, 194 Okl. 324, 151 P.2d 399. See, also, Metropolitan Life Ins. Co. v. Richter, 182 Okl. 446, 72 P.2d 307."

In Special Indemnity Fund v. Davidson, 196 Okl. 118, 162 P.2d 1016, 1017, 1018, we stated:

"Said 1943 Act was not amendatory to the Workmen's Compensation Law but was merely supplementary thereto. Special Indemnity Fund v. Farmer, [195 Okl. 262] 156 P.2d 815. It did not create any new benefits or enlarge the right to compensation or increase the amount thereof. It merely shifted the burden of paying the additional permanent disability from the employer or his insurance carrier to the Special Indemnity Fund. * * *"

In stating that the burden of paying additional compensation resulting from previous physical impairment of the claimant has been shifted from the employer or his insurance carrier to the Special Indemnity Fund, this Court, in effect, placed the Special Indemnity Fund in the same position as any other insurance carrier. Other insurance carriers defaulting in payments on an award are subject to having the unpaid balance accelerated and thereby due and payable in a lump sum.

By the act creating the Special Indemnity Fund (85 O.S.1961 § 171 et seq.,) the Legislature intended that the Special Indemnity Fund be required to step into the shoes of employer and insurer and take over their burdens and be amenable to the rules governing their conduct.

The burden of paying was shifted. See Special Indemnity Fund v. Davidson, 196 Okl. 118, 162 P.2d 1016, and Special Indemnity Fund v. Horne, Okl., 276 P.2d 240. The Special Indemnity Fund should pay in accordance with requirements of sections 41 and 42, supra.

A third concept, to my mind, not applicable in this case, but in whose tentacles I fear we find ourselves indirectly embroiled is the doctrine of pari materia. Statutes which relate to the same thing or which have a common purpose are said to be in pari materia. See 82 C.J.S. Statutes § 366, pp. 801, 802 and State ex rel. v. Phillips Petroleum, infra.

As stated in the text of 82 C.J.S., to which reference has just been made, "On the other hand, statutes are not in pari materia which do not relate to the same subject and which have no common purpose and scope; and, although an act may incidentally refer to the same subject as another act, it is not in pari materia if its scope and aim are distinct and unconnected. * * *"

To my mind the subject sentence quoted from section 172 and the applicable provisions from sections 41 and 42 are somewhat related in that each refers to the payment of awards to injured workmen as required by provisions of the Workmen's Compensation Law, but on the other hand, are wholly divorced in tenor and thought because the former applies to commutation of awards or parts thereof to lump sums and the applicable portions of the latter sections apply only to acceleration of payment of awards, when those obligated to make the payments neglect or refuse to timely discharge their obligations.

Section 172, supra, does not purport to deal with the situation of a respondent defaulting in the payment to an injured workman of the periodical installments of an award. As we have noted above, the language "All other awards payable out of the Special Indemnity Fund shall be paid in periodical installments and without commutation thereof to a lump sum" appearing in section 172, supra, refers, as does all the other language in the last paragraph of such section, to applications by claimants to "lump sum" awards that is, have a portion thereof paid in a lump sum, for good cause shown because of their immediate need for the money.

There is no language in section 172 in any way referring to acceleration of an award when the insurance carrier is in default in paying the periodical installments of that award. To hold that section 172 applies to instances of default by insurance carriers is to read into such section language and meaning the Legislature did not see fit to specifically place therein.

In an instance of hardship, respondents have no control over commutation of an award, and that is the circumstance the Legislature sought to control by the enactment in 1953 of the last paragraph of section 172 quoted hereinabove.

By the way of contrast, in 85 O.S.1961 §§ 41 and 42, the Legislature dealt with an entirely different matter. In such sections the Legislature was concerned with failure of respondents to promptly make payments on awards to injured workmen. It thereby provided additional methods of enforcing payment of an award.

In the event respondents are in default in paying an award, payment thereof may be accelerated without the claimant being required to show hardship.

In an instance arising under these sections, respondents have full control in that payment of an award will not be accelerated unless respondents are in default. A respondent can keep from being in default by simply making payments on an award when they are due.

If the views herein expressed do not prevail, the Special Indemnity Fund can refuse to promptly make payments on an award to an injured workman. Under such circumstances the only recourse open to the claimant is to file successive applications with the State Industrial Court to require the Special Indemnity Fund to bring its payments up to date.

The Special Indemnity Fund is granted privileges not extended to other insurance carriers. Under previous holdings of this Court all other insurance carriers defaulting in paying periodical installments of an award are subject to having the balance accelerated. In Excise Board of Grady County v. Griggs, supra, at page 831 of the Pacific Second Reporter, we stated:

"* * * It was caused by failure of defendant to pay the amount due. The finding of the State Industrial Commission that defendant was in default made applicable the statute under

which the entire amount of the award became due. * * *"

The Special Indemnity Fund refers us to no statutory enactment or holding by this Court specifically exempting it from the operation of the automatic acceleration clause in 85 O.S.1961 §§ 41 and 42. Nor have we in our research found any such exemption.

In the case of Special Indemnity Fund v. Duff, 200 Okl. 57, 191 P.2d 584, 587, this Court stated:

"* * * Special Indemnity Fund contends that the Commission was without authority to revive the award as against it. We think the revivor was proper. 85 O.S.1941 § 41. The Fund concedes that an award may properly be revived against the employer under said section, Schmidt et al. v. Moncrief et al., 194 Okl. 377, 151 P. 2d 920, but contends that such section has no application to an award made against it. It is asserted that the Special Indemnity Fund Act is a complete act in and of itself and that it contains no specific provision which would authorize a revivor of an award against it. It is argued that the provision of the Act to the effect that an injured employee shall receive compensation on the basis of his combined disabilities as is now provided by the laws of this state refer only to the method of computation of compensation as provided by 85 O.S.1941 § 22; that it does not indicate any intent upon the part of the legislature that awards entered against it should be governed by the revivor provision of said Section 41.

* * * * * *

"When the legislature declared that a 'physically impaired person' should receive compensation on the basis of his combined disabilities as is now provided by the laws of this state and that a designated portion thereof should be assessed against the employer and its insurance carrier and the balance should be paid out of the Special Indemnity Fund it did not intend to limit the application of existing laws merely to the computation of compensation but it evidently intended to make available all laws then in force to secure the full payment thereof including Section 41, supra."

In the case of Special Indemnity Fund v. Horne, Okl., 276 P.2d 240, we stated that the allowing of interest on awards from the date ordered paid by the State Industrial Court until the date of satisfaction thereof as provided by 85 O.S. 1961 § 42 was an additional method of enforcing an award. In that case at page 242 of the Pacific Second Reporter is the following language:

"In Hickman v. Gumerson, 190 Okl. 514, 125 P.2d 765, we held that section 42, supra, is an additional method of enforcing an award".

As we have noted previously herein, the acceleration of an award as a result of the default in payment thereof is another method of enforcing an award.

In the Horne case, supra, we held that the Special Indemnity Fund was subject to the additional method of enforcing an order entailing the payment of interest as provided by section 42, supra. In that case at page 242 of the Pacific Second Reporter, we said:

"Finally it is argued that the Special Indemnity Fund Act is not an amendment of the Workmen's Compensation Law but is a full and complete remedy afforded under the Special Indemnity Fund Act and since there is no provision for awards to draw interest any award against the Special Indemnity Fund for interest would be illegal. We do not agree. * * *

"The statute provides that an award shall be made against Special Indemnity Fund and since by statutory provision awards draw interest an award for the collection of interest against Special Indemnity Fund is not only

within the province of the Workmen's Compensation Law but does not conflict with any provision creating the Special Indemnity Fund".

By analogy if awards against the Special Indemnity Fund can be enforced by requiring the payment of interest and may be revived, it would follow that awards against it also may be enforced by acceleration of future periodical installments in a final accumulative award. Especially is this true in the absence of any legislative pronouncement prohibiting such acceleration against the Special Indemnity Fund.

I do not consider the cases of Special Indemnity Fund v. Hull, Okl., 369 P.2d 162 and Special Indemnity Fund v. Hobbs, 196 Okl. 318, 164 P.2d 980 applicable to the factual situation herein presented inasmuch as acceleration due to default was not involved or discussed in either of such cases.

In my opinion there is quite definitely a distinction between the commutation of an award resulting from an application therefor by a claimant and the acceleration of an award resulting from default of the insurance carrier in paying an award.

Both result in the lump sum payment of certain unpaid installments of an award, but the basis and procedure for granting each and the number of installments required to be paid are entirely different. They serve completely different purposes. By not defaulting in the payment of an award the insurance carrier can prevent an acceleration but it cannot prevent the commutation of a portion of an award to a lump sum because of hardship provided the claimant makes the required showing.

It appears to me that we have here a situation to which certain language from the case of Board of County Commissioners of Creek County v. Alexander State Treasurer, 58 Okl. 128, 159 P. 311, quoted in State ex rel. Marland, Governor v. Phillips Petroleum Co. et al., 189 Okl. 629, 118 P.2d 621, 625, is applicable. The Court said:

" * * * When it is apparent that a strict interpretation of a particular statute, construed alone, would defeat the intention of the Legislature as shown by other legislative enactments, which relate to the same subject, and which have been enacted in pursuance of, and according to a general purpose in accomplishing a particular result, such construction should not be adopted * * *".

I respectfully dissent.