[Civ. No. 5717. Fourth Dist. Oct. 10, 1957.]

ORANGE COUNTY WATER DISTRICT, Respondent, v. CITY OF RIVERSIDE et al., Appellants.

Albert H. Ford, City Attorney, Harry M. Dougherty, Deputy City Attorney, Cosgrove, Cramer, Diether & Rindge, Leonard A. Diether, Martin C. Casey, City Attorney (Colton), James L. King, William A. Flory, City Attorney (San Bernardino), DeWitt A. Higgs, James E. Cunningham and Edward F. Taylor, City Attorney (Redlands), for Appellants.

Rutan, Lindsay, Dahl, Smedegaard, Howell & Tucker, A. W. Rutan, Rodger Howell, Pillsbury, Madison & Sutro, Eugene D. Bennett, James Michael, Samuel L. Wright and Alexander R. Imlay for Respondent.

THE COURT.—This is a petition by the defendant cities for a writ of supersedeas to stay the enforcement of a judgment, relating to water rights, pending the appeal from that judgment.

Each petitioner owns water and water rights in the watershed of the Santa Ana River and for many years has diverted and/or extracted water from said watershed for use in connection with its production and distribution of water for public, municipal, domestic and other beneficial purposes. The plaintiff is a water district located within the county of Orange, its main function being the spreading of water on its spreading grounds for the purpose of replenishing the subterranean supply of water underlying said district. The plaintiff brought this action for declaratory relief and for an injunction. The complaint alleged, in brief, that the action was brought for the benefit of the water users and inhabitants within the district; that each of the defendants for many years last past has taken water from basins in the Santa Ana River watershed for use within its respective boundaries; that

the right of any defendant so to do is subordinate to the rights of the district and its inhabitants; and that unless restrained by court order each defendant will continue to take increasing amounts of such water to the damage of the district and its inhabitants. By this complaint the plaintiff sought an adjudication of the rights of each defendant in and to said water, and that each defendant be enjoined and prohibited from taking any of said water in excess of such right as determined by the court.

The complaint was filed on October 19, 1951. Summons was issued on October 3, 1952, and was served on the city of Riverside on June 26, 1953, and on the cities of San Bernardino, Colton and Redlands in March, 1954. Answers were filed by the defendant cities and the trial of the action began on June 11, 1956, and continued until March 8, 1957. Findings of fact and conclusions of law were filed on June 7, 1957, and a judgment was entered on that day. The court found, among other things, that each of the defendant cities has the right to take and divert from the natural water supply of the Santa Ana River watershed a certain number of acre-feet of water per year, the total amount for the four defendant cities being 36,473.35 acre-feet; that in the years since the filing of the complaint each defendant has continued to take large and increasing quantities of water in excess of these amounts; that in the water year 1954-55 said excess quantities taken by the four defendants totaled more than 30,000 acre-feet; and that each of the defendants threatens to increase its taking of such water and unless restrained by court order will continue taking increasing amounts of water to the great and irreparable damage of the plaintiff district and its inhabitants.

The judgment declares, among other things, that each of the defendant cities has a prescriptive right to take and divert a certain quantity of water per water year as set forth in the findings; that the rights of the plaintiff and the persons whom it represents to the natural water supply of the Santa Ana River System are prior, paramount and superior to any rights of the defendants; and that each of the defendants is perpetually enjoined and restrained from taking or diverting from the natural supply of the Santa Ana River System water in excess of its prescriptive rights as determined by the court. The judgment further provides that in order to give the defendants a reasonable time within which to acquire a supplementary supply of water from other sources each defendant, for a period not exceeding three years from the date of the

judgment, may continue to produce water from its respective facilities in excess of the amount allowed by the judgment, on condition that it pay the plaintiff the cost of purchasing a like amount of water from the Metropolitan Water District, or that each defendant deliver to plaintiff during the next succeeding water year an amount of water equal to the amount of such excess water thus taken; that each defendant desiring to avail itself of either of these options shall notify the plaintiff in writing of its election to do so, specifying the alternative which it intends to follow, within 90 days after the date of the judgment; that each defendant shall in each water year make quarterly reports to the plaintiff of all water taken or diverted from all sources within the Santa Ana River watershed during the preceding three months; that these reports shall identify each and every facility and source of supply so used and the quantity of water in acre-feet thus produced; that all water production facilities and sources of supply of each defendant shall have a water measuring device affixed thereto capable of accurately registering the amount of water produced or received therefrom; and that the books and records of each defendant pertaining to its production and use of water, and to said measuring devices, shall be available for inspection by the plaintiff.

Each of the defendant cities filed notice of appeal from the judgment on June 24, 1957, and their application for this writ was filed on June 25, 1957.

It is well settled that an injunction mandatory in character is automatically stayed on appeal and that a prohibitory injunction is not so stayed. (*Byington* v. *Superior Court,* 14 Cal.2d 68 [92 P.2d 896]; *City of Pasadena* v. *City of Alhambra,* 75 Cal.App.2d 91 [170 P.2d 499].) Whether a decree is of the one character or the other often presents a close question, and frequently the same decree contains both mandatory and prohibitory features. Even where a decree is purely prohibitory, and there is no automatic stay, a reviewing court has an inherent power to issue a writ of supersedeas if such action is necessary or proper in the complete exercise of its appellate jurisdiction. (*Food & Grocery Bureau* v. *Garfield,* 18 Cal.2d 174 [114 P.2d 579].)

In the instant case, the judgment contains some features which are mandatory in nature. It commands the defendant cities to measure all water produced by their facilities and to make quarterly reports thereof to the plaintiff. In practical effect, it compels the defendants to elect within 90

days whether or not to accept the judgment as entered, thus compelling them to surrender a position which they have long held and to give up water rights which they have long used, and as alleged in their answers are entitled to hold and use, and which they seek to establish through the pending appeal. The judgment commands the defendant cities, as a condition of continuing their present and past taking of water, to take the affirmative act of electing within 90 days whether to furnish an equivalent amount of water to the plaintiff or to pay the plaintiff the cost of such an amount of water. If the defendant cities should elect to take such additional water during the three-year period, under the terms of the judgment, their rights on the appeal might well be affected. They should not be compelled to make an immediate election which would amount to an acceptance of the judgment, with this possible prejudice to their rights on this appeal. The defendant cities have a combined population of well over 200,000 people who are dependent upon those cities for their water supply, and it is apparent that serious questions are involved on the appeal. The effect of the judgment would be to deprive those cities and that population of nearly half of their existing water supply, and the time elements and other difficulties in obtaining a substitute supply of water on a temporary basis would be exceedingly great, perhaps greater than in connection with any permanent arrangement if that later becomes necessary. An additional consideration is the many years delay in bringing this action, the fact that the summons was not served for several years after the action was brought, and the fact that the judgment was not entered until nearly six years after the action was filed. The proper exercise of appellate jurisdiction would seem to require that the matter be left more nearly *in statu quo* until the appeal can be decided. While the rights of both parties to such an action should be considered in passing upon the application for such a writ as this, and while the issuance of this writ should not depend upon the balancing of conveniences, in view of all the factors which appear the defendant cities should have the right to have their appeal decided before being compelled to take the affirmative actions required by the judgment.

The plaintiff water district has expressed the fear that if this writ issues the defendant cities could and might, while the appeal is pending, greatly increase their taking of water from the Santa Ana River System, thus greatly increasing the damage to the plaintiff district and its inhabitants. While

such a writ may be issued on conditions which the court considers to be just it would seem unwise to limit the writ in that regard at this time, since the water situation might be greatly affected by a period of high rainfall during the time in which the writ would be effective.

It is ordered that a writ of supersedeas issue staying enforcement of the judgment and all proceedings in the trial court, and providing that none of the petitioners shall be required to take any affirmative act required by said judgment, until the final determination of the cause on appeal. However, this court reserves jurisdiction to amend or modify this order, or the writ to be issued, in the event the defendant cities or any of them take or divert water from said Santa Ana River System in excess of the amounts of water which they were taking and diverting during the water year in which said judgment was entered.