FIRST BAPTIST CHURCH, BRISTOW, Oklahoma, and the State Insurance Fund, Petitioners,

v.

Ruby HOLLOWAY, Administratrix of the Estate of Smythe Holloway, Deceased, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 41038.

Supreme Court of Oklahoma.

April 27, 1965.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, Ed Chapman, Bristow, Chas. R. Nesbitt, Atty. Gen., for respondents.

IRWIN, Justice.

On August 6, 1963, Smythe Holloway, deceased, sustained an accidental injury arising out of and in the course of employment with the First Baptist Church of Bristow, Oklahoma. The injury consisted of a right inguinal hernia. He was first examined by Dr. R who advised the State Insurance Fund, insurance carrier for employer, that deceased should be operated to correct the condition, and, if agreeable with carrier, he would refer deceased to Dr. B for surgery. On September 19, 1963, carrier authorized the operation and requested Dr. B to advise carrier of the date of surgery that "we may know when to start the payment of claimant's compensation."

Deceased was admitted to the hospital on September 25, 1963, and operated the same day. As a result of complications from the surgery deceased died on October 4, 1963.

On October 23, 1963, carrier sent a check in the sum of $133.52 to deceased at his home address in Bristow, Oklahoma. Said check represented four weeks of temporary total compensation at the rate of $33.38 per week from September 25, 1963, the date of the operation, to October 23, 1963. It sent a second check on November 5, 1963, for two weeks of compensation to cover the period from October 23, 1963, to November 5, 1963, in the sum of $66.76; a third check in the sum of $66.76 on November 5, 1963, to cover the period from November 5, 1963 to November 20, 1963; a fourth check on December 3, 1963, in the

sum of $66.76 to cover the period from November 20, 1963 to December 4, 1963, and a fifth check on December 17, 1963 to December 18, 1963. The sum total of these checks was $467.32, representing fourteen weeks of temporary total disability. All of the payments were sent after the deceased's demise and were deposited in a local bank by counsel for claimant as a part of decedent's estate.

The carrier was not advised of the death of deceased employee until January 10, 1964, when Ruby Holloway, widow, as administratrix of decedent's estate, and who will be hereinafter referred to as claimant, filed a claim for death benefits with the State Industrial Court.

Employer and carrier did not deny liability for the death benefits to claimant but asked that the sum of $467.32 paid as temporary total compensation be credited to them against the $13,500.00 award.

The trial judge found that petitioners' claim "as set off against the proceeds of this award for hernia benefits heretofore paid deceased is not a proper credit and is therefore denied." The finding was affirmed on appeal to the court en banc with an additional finding and order that petitioners were to pay interest on the award of $13,500.00 at the rate of six per cent "from date of order."

The employer and its carrier bring this original proceeding for a review of the lower court's order and for reversal of the same contend:

1. They are entitled to credit on the award for $467.32 paid after the death of Smythe Holloway.

2. They are not chargeable with interest at 6% on the order.

In considering petitioners' second contention we find the Legislature has specifically prescribed the rates of interest and when the same attaches in Workmen's Compensation cases. Title 85 O.S.1961, § 29, as amended, inter alia, relates to appeals to this Court and prescribes a written undertaking to the claimant, " * * * to the effect that the appellant will pay the amount of the award rendered therein, together with interest thereon at the rate of ten (10) per cent per annum from the date of the award by the Trial Judge and all costs of the proceeding, or on the further order of the Industrial Court or Trial Judge *after the appeal shall* have been decided by the Supreme Court. * * *" (Emphasis ours.)

Title 85 O.S.1961, § 42, provides:

"If payment of compensation or an installment thereof due under the terms of an award, *except in case of appeals from an award*, be not made within ten days after the same is due by the employer * * * the Commission may order a certified copy of the award filed in the office of the Court Clerk * * *. Any compensation awarded and all payments thereof directed to be made by order of the Commission shall bear interest at the rate of 6% per annum from the date ordered paid by the Commission until the date of satisfaction thereof. * * *"

■ In Special Indemnity Fund v. Horne, Okl., 276 P.2d 240, we recognized that any authorization for interest must be found in the Workmen's Compensation Law itself. The above statutory provisions, insofar as pertinent to this appeal, do not authorize the Industrial Court to assess interest where an appeal has been timely lodged in this Court until such appeal has been disposed of by this Court.

We are not herein concerned as to whether claimant is or is not entitled to interest or the amount thereof, if any, but with the statutory authority of the Industrial Court assessing interest at the time the order was entered. In the instant action the State Industrial Court assessed interest, and an appeal was timely lodged in this Court. Since there is no statutory authority for such assessment at the time the assessment was made, the order making the assessment is clearly erroneous.

In connection with petitioners' contention that they are entitled to credit on the award for $467.32 paid after the death of decedent, petitioners state: "In the instant action, no claim was filed by the deceased and no award was made. Payments were voluntarily made upon the advise of the doctor that claimant had entered the hospital for an operation. The jurisdiction of the State Industrial Court had never been invoked, and there were no accrued payments on any award".

Claimant agrees with the above statement but argues that Title 85 O.S.1961, § 41.1, which places a limitation on deductions, is applicable and that the $467.32 may not be deducted; and that by virtue of Title 85 O.S.1961, § 22(3), an award for a hernia is a special grant, exclusive of other provisions of the Workmen's Compensation Act as to temporary and partial disability. See Wilkerson Chevrolet, Inc., v. Mackey, Okl., 367 P.2d 165.

■ During the lifetime of the decedent, the State Industrial Court had exclusive jurisdiction to adjudicate the rights and liabilities flowing from the hernia disability. See Hartford Accident & Indemnity Company v. Tri-State Casualty Company, 205 Okl. 117, 235 P.2d 703. However, the State Industrial Court did not have jurisdiction to make an award for hernia benefits after decedent died because decedent died as a result of the injury which caused the hernia. See Ada Coca-Cola Bottling Company v. Snead, Okl., 362 P.2d 688; and Bryant-Hayward Drilling Company v. Green, Okl., 362 P.2d 676. In Tombleson v. Hooker Roustabout Service, Okl., 378 P.2d 866, we quoted with approval the case of Kerr's Inc. v. Smith, Okl., 359 P.2d 330, wherein we held that if an employee dies, due to a cause for which he has been awarded compensation, a claim for accrued payments may be revived in favor of the person or persons entitled thereto, and unaccrued payments abate upon his death.

It necessarily follows that if during the lifetime of the decedent an award for hernia benefits had been made by the State Industrial Court, a claim for accrued payments could have been revived in favor of the person or persons entitled thereto, and the unaccrued payments would have abated upon the death of decedent.

■ In our opinion, Title 85 O.S.1961, § 41.1, which places a limitation on deductions, is not applicable in instances where payments are made pursuant to an order of the State Industrial Court, where the payments sought to be deducted cover a period of time when the employee was dead, if such payments were made under the mistaken belief that employee was still living. In other words, the above section places a limitation on deductions for payments which cover a period of time while the employee is living and does not place a limitation on payments which cover a period of time after the death of the employee, and such payments were made under the mistaken belief that employee was still living.

We can only conclude that if an award for hernia benefits had been made during the lifetime of decedent, the petitioners would have been entitled to a deduction for the compensation paid by them for hernia benefits which covered a period of time after the death of decedent but would not have been entitled to a deduction for the compensation which had accrued at the time of decedent's death. In so far as entitlement to deductions are concerned, we can find no distinction between payments made in a case where an award has been made, and in a case where an award has not been made but the employer or insurance carrier voluntarily makes payments under the terms of the Workmen's Compensation Act. In other words, if an employer or insurance carrier is entitled to deductions for payments made pursuant to an order of the State Industrial Court, we can see no reason why an employer or an insurance carrier would not be entitled to deductions for payments made voluntarily under the terms of the Workmen's Compensation Act. By the same token, if an employee or insurance carrier is not entitled to deductions

for payments made pursuant to an order of the State Industrial Court, we can see no reason why an employer or insurance carrier would be entitled to deductions for payments voluntarily made under the terms of the Workmen's Compensation Act.

■ We therefore conclude that under the circumstances herein presented, petitioners are entitled to a deduction from the death benefit award, the compensation paid by them for hernia benefits which covered a period of time after the death of the decedent, but are not entitled to any deduction for payments made for hernia benefits which covered a period of time that decedent was living.

The decedent died on October 4, 1963, and the payments made by petitioners covered a period of time beginning September 25, 1963, the date of the operation. Petitioners are not entitled to a deduction for payments covering this ten day period but are entitled to deductions for compensation paid covering a period of time while the decedent was not living.

Decedent's compensation rate was $33.38 per week or approximately $4.79 per day. Therefore, the sum of $47.90 or compensation for a ten day period, is not deductible, but the payments made in excess of the $47.90 are deductible. Since petitioners paid the total sum of $467.32, they are entitled to credit against the award the sum of $419.42, which represents that part of the hernia benefits compensation which was voluntarily paid by petitioners under the mistaken belief that decedent was still living but covered a period of time when decedent was dead.

The award is modified by deleting that part of the order pertaining to six percent interest from the date of the trial judge's order, and is further modified by deducting from the award the sum of $419.42.

As so modified, the award is sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.