**CITY OF DUNCAN, Petitioner,**

v.

**Alpha Mae SAGER and the State Industrial Court, Respondents.**

**No. 43535.**

Supreme Court of Oklahoma.

March 17, 1970.

James H. Paddleford, Rinehart, Morrison, Cooper & Stewart, Oklahoma City, for petitioner.

Carl E. Moslander, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here original proceedings to review an order of the State Industrial Court awarding the respondent Alpha Mae Sager, claimant below, interest at the rate of 10 percent on an award entered in her favor. Parties will be referred to as they appeared before the State Industrial Court. Deceased Arthur Sager will be referred to as "deceased."

Deceased sustained injuries while employed by respondent and died as the result of said injuries. The State Industrial Court sitting en banc on May 11, 1967, awarded the claimant, as surviving widow of the deceased, death benefits in the amount of $13,500 under death provisions of the Oklahoma Workmen's Compensation Act.

Respondent on June 14, 1967, filed in the office of the State Industrial Court an appeal bond in the amount of $15,000 and on the same date lodged an appeal in this court, filing a certificate of Secretary of the State Industrial Court with copy of appeal bond attached. In the opinion filed on October 15, 1968, we affirmed the order of the State Industrial Court. City of Duncan v. Sager, Okl., 446 P.2d 287. Mandate affirming was issued by the court and received by the State Industrial Court on November 18, 1968.

The State Industrial Court on November 20, 1968, entered an order spreading the aforesaid mandate of this court and fixing interest on said award at the rate of 10 percent. Respondent filed in the State Industrial Court an application to correct the order by allowing interest at the rate of 6 percent instead of 10 percent. The court denied the application and respondent appeals to this court. The respondent paid the award with interest at 6 percent. It is stipulated by the parties that the sole question presented for review here is the right of claimant to recover the difference between 10 percent and 6 percent interest.

Respondent contends that in allowing interest at the rate of 10 percent the trial court misapplied the provisions of 85 O.S. 1961, § 29, the material portions of the statute reading as follows:

"* * * no proceeding to reverse, vacate or modify any award or decision of the Commission or Commissioner wherein compensation has been awarded an injured employee shall be entertained by the Supreme Court unless the Secretary of the Commission shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the Secretary to the effect that the appellant will pay the amount of the award rendered therein, together with interest thereon at the rate of (10) per cent per annum from the date of the award by the trial Commissioner and all costs

of the proceeding, or on the further order of the Commission or Commissioner after the appeal shall have been decided by the Supreme Court. Before the Clerk of the Supreme Court shall accept the action for filing a certificate from the Secretary of the Commission shall be required, showing this provision has been complied with. * * * "

Section 29, supra, was enacted by the Legislature in 1955 effective on June 6, 1955. It was amended in 1963, Chapter 307, pp. 444–445, 1963 Oklahoma Supplement 85, § 29. The amendment reenacts the provisions of 85 O.S.1961, § 29, requiring the appealing parties to file a bond covering interest on the award at 10 percent from the date of the award. It amends § 29 in other provisions not involved here.

Section 29, supra, was again amended in 1967, Chapter 185, S.L. of Oklahoma, 1967, pp. 277–279, 1967 Oklahoma Supplement 85, § 29, effective May 1, 1967. The 1967 Amendment reenacts the provisions of § 29, supra, requiring the filing of a bond by the appealing parties covering interest at 10 percent from the date of the award by the court or trial judge "after the appeal has been decided by the Supreme Court." The amendment adds to § 29, supra, a provision as follows:

" * * * except that municipalities and other political subdivisions of the State of Oklahoma are exempt from making such written undertakings. * * * "

It is patent that it was the intention of the Legislature in enactment of § 29, supra, to require the respondent in compensation proceedings to pay interest on the award of 10 percent if an appeal was prosecuted to the Supreme Court and the award affirmed. The title to the act so reflects. Chapter 2f S.L. of Oklahoma 1955, p. 493, reads:

"AN ACT amending 85 O.S.1951, § 29, to include in *Workmen's Compensation cases interest at ten (10) per cent per annum and costs when an award of the State Industrial Court is appealed to the State Supreme Court by the respondent;* providing for additional attorneys' fees to be fixed by the Commission to compensate claimant's attorneys for representing him in Supreme Court appeals; and declaring an emergency." (emphasis ours)

No reference is made in the title to the filing of the bond. The bond is incidental to the primary purpose of the 1955 amendment to § 29, supra, requiring the payment of 10 percent interest on appeal.

Respondent contends the 1967 amendment to § 29, supra, exempting a municipality from being required to file a bond further exempts the municipality from the payment of 10 percent interest when it appeals to the Supreme Court from an award of the State Industrial Court in a Workmen's Compensation case. No such construction is shown in the statute.

Chapter 185, S.L. of Oklahoma 1967, pp. 277–279, not only exempted the municipal respondent from the filing of an appeal bond required by § 29, supra, in Workmen's Compensation cases but also amended 12 O.S.1961, § 974, by providing for the automatic staying of the judgments entered in the trial of cases in courts of general jurisdiction against a municipality "without execution of supersedeas bond." The intent and purpose of the Legislature in the enactment of Chapter 185, supra, is stated in the title to the amendment as being "AN ACT * * * *exempting municipalities from necessity of executing supersedeas bond.*" (emphasis ours)

The reason for exempting municipalities from the requirement of filing a supersedeas or stay bond is obvious. Our statutes provide most effective procedures for the collection of judgments against municipalities. With rare exceptions judgment creditors have almost positive assurance their final judgments against municipalities will be paid. Proper procedure cannot be instigated against the municipality to enforce the payment of a judgment until the judgment is final. It would serve no useful purpose to require

the municipality to file a supersedeas or stay bond staying execution on the award or judgment during the pendency of the appeal and would require needless expense on the part of the municipality.

The claimant does not have the same positive assurance of being in a position to collect his award from a private litigant upon the final termination of the litigation after the prosecution of an appeal. Regrettably there have been instances of the respondent becoming insolvent or judgment proof while the appeal is pending. Our statute very wisely furnishes the claimant with protection for the collection of his award at the termination of the appeal by requiring the respondent to file a bond as a condition precedent to the lodging of an appeal.

One of the fundamental reasons for requiring the respondent to pay a greater rate of interest upon an award, if an appeal is prosecuted, is that it acts as a deterrent to some respondents to prosecute appeals sometimes without merit for the purpose of delaying the payment of the award making it possible for the respondent to secure the use of his money for a period of several months by the payment of a low rate of interest.

There is no reason for requiring a private litigant in appealing a workman's compensation award to pay 10 percent on the award while the appeal is pending and not making the same requirement of the municipality.

We find nothing in § 29, supra, relieving a municipality from the payment of interest at 10 percent after the prosecution of an appeal to this court and the affirmance of the award.

In First Baptist Church, Bristow, v. Holloway, Okl., 402 P.2d 260, we construed the provisions of both § 29 and 85 O.S.1961, § 42. The trial court allowed 6 percent interest at the time an award was entered for death benefits. Respondent properly lodged an appeal to this court. This court held the State Industrial Court had no authority to enter an award for interest while an appeal was pending before this court. The case by inference holds that after an appeal is properly lodged in this court § 29, supra, governs the payment of interest and not § 42, supra. The latter section of the statute (§ 42) is not applicable where an appeal to this court was perfected.

In Smith v. Cities Service Oil Company, Okl., 429 P.2d 777, we held that where the respondent appeals to this court from an award of the State Industrial Court claimant is entitled to receive interest at 10 percent on said award from the date it was entered until paid.

Respondent cites Boettcher Oil and Gas Company v. Lamb, Okl., 276 P.2d 243, and Special Indemnity Fund v. Horne, Okl., 276 P.2d 240, wherein the State Industrial Commission (now Court) allowed interest at the rate of 6 percent on awards affirmed by the Supreme Court. These two cases are clearly distinguishable. The cases were decided in 1954 under the provisions of 85 O.S.1951, § 42, the only Oklahoma statute existing at that time fixing the rate of interest to be assessed on workmen's compensation awards. Section 42, supra, fixed the rate at 6 percent. These two cases were decided in 1954, several months prior to June 6, 1955, the effective date of § 29, supra, requiring the payment of 10 percent interest on awards where an appeal is prosecuted. The decisions are not applicable to the present case.

Respondent also cites Special Indemnity Fund v. Laxton, Okl., 400 P.2d 820, wherein the parties became involved in the liability for certain payments from the Special Indemnity Fund. An appeal was prosecuted to the State Industrial Court sitting en banc. No appeal was prosecuted to the Supreme Court from entering of the original award in the State Industrial Court. The State Industrial Court awarded the claimant 6 percent interest on certain accrued payments the Special Indemnity Fund declined to pay. Section 29 is not involved. The distinction between the case and the present one is apparent.

The State Industrial Court correctly interpreted the provisions of 85 O.S.1961, § 29, and 85 O.S.1961, § 42, in allowing the claimant 10 percent interest on the award.

Award fixing interest at the rate of 10 percent sustained.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, and HODGES, JJ., concur.

McINERNEY, J., concurs in result.

LAVENDER, J., dissents.

LAVENDER, Justice (dissenting):

As I view the problem of whether the interest rate to be allowed is six per cent (6%) or ten per cent (10%) on this award of workmen's compensation benefits, it appears to me, and I would so hold, that 85 O.S.1961, § 42 is the only statute which actually provides the rate of interest on awards of compensation.

Section 29 of Title 85 O.S.Supp.1969, on the other hand, is essentially a procedural statute which, among other things, authorizes anybody to appeal in a workmen's compensation matter to this court. That section does provide, however, that all employers (except municipalities and other political subdivisions of the State of Oklahoma) and their insurance carriers, if they desire to appeal, must execute an appeal bond in which they shall agree to pay ten per cent (10%) interest on an award of compensation benefits until the appeal is finally decided by this court. In other words, as I see it, Section 29 does not work a flat increase in the interest rate allowed in appeals to this court in workmen's compensation matters from six per cent (6%) to ten per cent (10%) but does authorize—in fact, requires—that a "contract" be entered into between the employer-insurance carrier/appellant and the injured workmen that, if their appeal is unsuccessful, they will pay not only the principal amount of the award but interest thereon at ten per cent (10%) per annum. That statute is for the express protection of the claimant, but because it is made inapplicable, insofar as the requirement of a bond is concerned, to municipalities, such as the City of Duncan, the interest rate allowable in this case is that provided for by Section 42, referred to supra.

I respectfully dissent.