CITY OF DEL CITY, Oklahoma, a municipal corporation, Petitioner,

v.

The Honorable Carmon C. HARRIS, Judge of Division Six of the District Court of Oklahoma County, State of Oklahoma, Respondent.

No. 46225.

Supreme Court of Oklahoma.

March 20, 1973.

T. N. Pool, Del City, for petitioner.

Wesley A. Smith and Kent F. Frates, Oklahoma City, for respondent.

DOOLIN, Justice.

The Respondent, a District Judge, issued an order and decree in Cause No. CD–69–

564 in the District Court of Oklahoma County, Oklahoma, enjoining the Petitioner, a municipal corporation and a political subdivision of the State of Oklahoma, from interfering with the use of certain property situated in Oklahoma County by enforcement of the Petitioner's zoning ordinances therein and otherwise restricting the use and operation of the property. The property in question was developed for commercial use prior to annexation thereof by the Petitioner and the attempted enforcement of the Petitioner's zoning restrictions in relation thereto. The Respondent further directed the Petitioner to provide the necessary utility permits and services pertaining to the property upon compliance with the usual requirements for furnishing such services. The Petitioner refused to accept tender of compliance with the aforesaid requirements, and declined to furnish utility services to the owner of the property and its tenants. The Petitioner was subsequently cited for contempt by the Respondent. The Petitioner, a party to the original cause of action in the trial court, filed an appeal from the initial judgment of the trial court on December 15, 1972, No. 46210. On December 27, 1972, the Petitioner filed this original action asking this court to assume original jurisdiction, stay execution of the judgment of the trial court in Cause No. CD–69–564, and prohibit the enforcement thereof pending the final determination of its appeal in No. 46,210.

The Petitioner contends that the provisions of 12 O.S.1971 § 974 automatically stay the execution of a judgment against a political subdivision of the State of Oklahoma until an appeal of same has been finally determined. That statutory provision, as amended in 1967, provides as follows:

"Execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by the court or judge thereof, in which the proceedings in error are pending, except that execution of a judgment or final order of any judicial tribunal against any county municipality, or other political subdivision of the State of Oklahoma is automatically stayed without execution of supersedeas bond until appeal has finally been determined."

Although not determinative of the issues resolved in the case of City of Duncan v. Sager, Okl., 466 P.2d 956, this court succinctly discussed the reasons for the 1967 amendment to 12 O.S.1971 § 974, which added the provision for automatic stay of execution of judgments against municipalities, Laws 1967, Ch. 185:

"The reason for exempting municipalities from the requirement of filing a supersedeas or stay bond is obvious. Our statutes provide most effective procedures for the collection of judgments against municipalities. With rare exceptions judgment creditors have almost positive assurance their final judgments against municipalities will be paid. Proper procedure cannot be instigated against the municipality to enforce the payment of a judgment until the judgment is final. It would serve no useful purpose to require the municipality to file a supersedeas or stay bond staying execution on the award or judgment during the pendency of the appeal and would require needless expense on the part of the municipality."

The above mentioned procedure for collection of judgments against municipalities is the exclusive method for collection of judgments under the Oklahoma Constitution, Article 10 § 28, and statutes, 62 O.S. 1971 § 365.5 et seq. 62 O.S.1971 § 365.5 et seq. as explained in *Sager*, supra, eliminates the possibility of satisfaction of a money judgment against a municipality by suit on a supersedeas or stay bond. It provides an exclusive method of satisfaction of judgments against municipalities.

The same rationale as last quoted does not justify automatic stay of execution of injunctive relief ordered by an inferior tribunal, and serious considerations,

both general and peculiar to this case, lead us to hold that 12 O.S.1971 §§ 974 and 968 cannot be so applied. In this regard, the reasoning of the Supreme Court of Indiana in the case of City of Indianapolis v. Producers Realty, Inc., 240 Ind. 507, 166 N.E. 2d 648, is persuasive. That case denied stay of execution to prohibit a municipal corporation from annexation of certain properties pending determination of an appeal of the merits of that injunction. In that case, the court stated:

"* * * As a general principle, a prohibitory injunction may not be suspended pending an appeal. The reasoning behind such a principle is that so far as possible pending the final determination of the litigation, the parties should be kept in status quo and neither party permitted to do an act which will irreparably damage or injure the other party, with the result that the appeal will prove inadequate and futile. * * *"

The court went on in that case to declare the injunction prohibitory of certain acts, which, if not prohibited, would render the issues decided on appeal moot.

The analogy here is quite clear. If the Petitioner is allowed to restrict or inhibit the use of the property in question pending determination of the appeal, the property may not continue to be profitable, may become at least partly vacant, may depreciate, and the owner may be compelled to dispose of same at a loss. The injunctive relief granted by the trial court will be effectively nullified.

■ The Petitioner seems to contend that under general law in most jurisdictions, and the authorities relied on in this case, a prohibitory injunction may not be stayed, while a mandatory injunction may, 4(A) C.J.S. Appeal and Error § 623f, and the Indianapolis case, supra.[1] The Petitioner goes on to argue that that part

of the order of the trial court which compels the Petitioners to supply utility services to the property is a mandatory injunction which may be and is stayed by the operation of 12 O.S.1971 §§ 974 and 968. We cannot agree. That part of the order and decree which the Petitioner would designate a mandatory injunction is, in our opinion, not mandatory, but a part of and reinforcement of the prohibitory relief decreed by the trial court. Its purpose is to protect all of the rights of the landowner to the enjoyment of the property, including access to utility services. We turn again to the Indianapolis case, supra, which states:

"To stay the operation of the injunction pending an appeal on its merits would give the city the opportunity to proceed with the annexation and thus create a fait accompli by the time the appeal could be determined—thus presenting issues which might be moot."

To protect the injunctive relief decreed by the trial court, execution thereof will not be deemed stayed by the operation of 12 O.S.1971 §§ 974 or 968, and enforcement of same by the contempt power of the trial court will not be prohibited.

Jurisdiction assumed; stay denied; writ of prohibition denied.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, BARNES, and SIMMS, JJ., concur.

IRWIN and LAVENDER, JJ., concur specially.

IRWIN, Justice (concurring specially).

I am of the view that further facts should be disclosed then are set forth in the majority opinion.

The trial court's judgment, which is on appeal in Case No. 46,210, is premised on

---

1. City of Miami v. Cuban Village Co., Inc., Fla.App., 143 So.2d 69; Orange County Water District v. City of Riverside, 154 Cal.App.2d 345, 316 P.2d 43.

the theory that when the municipality annexed the property, it took it subject to all conditions then existing.

It appears from the trial court's Journal Entry of Judgment in Case No. 46,210, that prior to the annexation "plaintiff's predecessor in title had built a shopping center on the property, including the construction of buildings, the principal building being seven (7) separate commercial units, suitable for storage and shops. These structures are presently on the property and are presently either vacant, awaiting rental to prospective tenants, or used by tenants in carrying on business enterprises." Also, the trial court found the municipality's ordinance " * * * purports to limit the plaintiff in its use of its property by prescribing that the plaintiff's property may not be rented to any tenant, other than those occupying the property at the time the ordinance was passed, and preventing the plaintiff from making any improvement on its property and permitting only upkeep of the property."

The trial court ordered that plaintiff's property remain in the same zoning status as it was immediately prior to the annexation; and that the municipality continue to furnish services.

On hearing the motion for new trial the trial court said that plaintiff may continue to occupy the premises for use in the operation of any lawful business, and may make necessary repairs so that the premises will be suitable for occupancy by tenants; " * * * provided, however, that plaintiff may not further improve the premises by erecting any further structure or by modifying the present structure to add any additional rental area. However, plaintiff, would be entitled to make interior modifications of the rental area to suit prospective tenants, such as the erection or

tearing down of partitions, the erection of lighting, * * * ", etc.

As I view it, the issue presented in this original proceeding is not whether the trial court's judgment, which is on appeal in Case No. 46,210 is correct, but whether the effectiveness of that judgment should be stayed pending the determination of that case on appeal.

In Orange County Water District v. City of Riverside, 154 Cal.App.2d 345, 316 P.2d 43, the California Court said that it is well settled that an injunction mandatory in character is automatically stayed on appeal and that a prohibitory injunction is not so stayed.

If, in the case at bar, the trial court's judgment had required the municipality to construct new facilities or extend its present facilities, I am of the view that it would be mandatory in nature, as distinguished from prohibitory, and we should stay the effectiveness of the trial court's judgment in that regard until final disposition is made in Case No. 46,210.

However, if I correctly understand the record, the municipality was furnishing the services to the property prior to annexation, and the trial court ordered it to continue to furnish those services. Also, it will not be necessary for the municipality to construct new facilities or extend its present facilities in order to comply with the trial court's judgment.

In my opinion, the trial court's judgment is not mandatory in nature, but it merely left the parties in status quo, pending determination of the case on appeal.

I concur specially in the views expressed by a majority of my associates.

I am authorized to state that Mr. Justice LAVENDER concurs in the views herein expressed.