John C. TUNE, Petitioner,

v.

PEABODY COAL COMPANY, Old Republic Insurance Company, and the Workers' Compensation Court, Respondents.

No. 70576.

Court of Appeals of Oklahoma, Division No. 4.

March 28, 1989.

Richard A. Bell, Norman, for petitioner.

Pat A. Padgett, Whitten, Davies and Layman, Tulsa, for respondents.

## MEMORANDUM OPINION

BACON, Judge.

This appeal involves a question of law in a workers' compensation case. The issue is whether the trial court erred in denying claimant interest on his award.

The facts are not in dispute. Claimant filed a claim on November 19, 1984, for injury to his back and neck. On December 2, 1985, he was awarded eighteen percent disability to the body as a whole due to injury to his back and denied any compensation for injury to his neck. The court en banc affirmed the trial court's order. This order was in turn appealed to the supreme court.

On March 3, 1987, the court of appeals vacated the portion of the order denying claimant compensation for injury to his neck and remanded the case with instructions to enter an order awarding claimant nineteen percent permanent partial disability to the body as a whole due to injury to the neck. The court of appeals affirmed the award of compensation for injury to the back.

The court of appeals denied employer's petition for rehearing, and employer then filed its petition for writ of certiorari, which was denied. The supreme court's mandate was issued on July 15, 1987. On the same date the mandate was spread of record by the Workers' Compensation Court en banc and recited the reversal and remand by the court of appeals with directions to enter judgment for nineteen percent permanent partial disability to the neck and affirming the case in all other respects.

At the February 9, 1988, hearing on remand, claimant moved for interest at eighteen percent per year from the date of the mandate pursuant to 85 O.S.Supp.1988 § 42. The relevant part of section 42 provides:

Any compensation awarded and all payments thereof directed to be made by order of the Court shall bear interest at the rate of eighteen percent (18%) per year *from the date ordered paid by the*

*Court* until the date of satisfaction. (Emphasis added)

The trial court denied claimant's motion for interest and claimant appeals.

In *Boettcher Oil and Gas Co. v. Lamb,* 276 P.2d 243 (Okla.1954), the court held that section 42 provided for interest from the date the award is affirmed on appeal if payment is not made within ten days after the same is due.

Thereafter, in *First Baptist Church, Bristow v. Holloway,* 402 P.2d 260, 262 (Okla.1965), the court held that when an appeal has been timely lodged the assessment of interest is unauthorized under the terms of section 42, until such appeal has been disposed of by this court.

At the time the mandate was spread of record, there were no further judicial proceedings necessary other than the ministerial act of entering the provisions ordered by the mandate.

We hold under the facts of this case that the employer or insurance carrier did not make payments within ten days from July 15, 1987, and claimant is entitled to interest from July 15, 1987, the date the mandate was spread of record. *Special Indemnity Fund v. Laxon,* 400 P.2d 820, 825 (Okla. 1965).

That portion of the trial court's order denying claimant interest is hereby reversed and the cause remanded with directions to enter a judgment for eighteen percent interest from July 15, 1987, until the date of satisfaction.

BRIGHTMIRE, V.C.J., and RAPP, J., concur.