2009 OK 54

**In the Matter of the DEATH OF Louis REEDER.**

**Naomi Reeder, Petitioner,**

v.

**Zinc Corporation of America; Ace American Insurance Company and the Workers' Compensation Court, Respondents.**

**No. 105,229.**

Supreme Court of Oklahoma.

July 7, 2009.

W.E. Sparks, Tulsa, OK, for Petitioner.

Harry Leroy Endicott, Donald A. Bullard, Oklahoma City, OK, for Respondents.

REIF, J.

■ ¶ 1 The issue presented on certiorari review is whether the Workers' Compensation Act, 85 O.S. § 3.6, authorizes prejudgment interest on workers' compensation court awards. This issue arises from proceedings prosecuted by Naomi Reeder to obtain death benefits for the loss of her husband due to an occupational disease. The factual background and procedural history of the award are set forth in *Zinc Corporation of America v. Reeder*, 2007 OK CIV APP 66, 164 P.3d 1132 (*Reeder I* ), and are not necessary to decide whether § 3.6 authorizes pre-

judgment interest on awards in the case at hand (*Reeder II* ).

■ ¶ 2 This latter controversy centers on language in § 3.6 that provides "interest shall be computed pursuant to Section 727 of Title 12 of the Oklahoma Statutes." More particularly, the question is whether this language incorporates all of the provisions of § 727 concerning interest on judgments (including prejudgment interest), or just the provisions which specify how interest is to be computed.[1] The question of the extent to which § 3.6 incorporates the provisions of § 727 is a question of statutory construction which is a question of law. *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶ 6, 16 P.3d 1120, 1123.

¶ 3 The reference to § 727 at issue is found in subsection (G) of § 3.6. The complete text of subsection (G) states: "For purposes of this section, interest shall be computed pursuant to Section 727 of Title 12 of the Oklahoma Statutes." The language "this section" clearly refers to § 3.6 and one of the "purposes" of § 3.6 is to specify the circumstances under which interest is allowed on an award. Significantly, all the authorizations of interest in § 3.6–subsections (A), (C), and (D)-involve post-award interest.[2]

---

1. Title 12 O.S. Supp.2008 § 727, provides for prejudgment and postjudgment interest and the method to compute that interest on *district court judgments.*

2. The pertinent parts of subsections of 85 O.S. 2001 § 3.6, are identical to 85 O.S. Supp.1995 § 3.6, in effect at the time of Claimant's death January 13, 1996.

The pertinent part of subsection (A) states: "... Provided, when the order of the Judge of the Court making an award to a claimant is appealed by the employer or the insurance carrier, *interest shall be allowed on the accrued amounts of the award due from the date the award was filed,* if the award is not modified or vacated on appeal."

The pertinent part of subsection (C) states: "... The Supreme Court shall have original jurisdiction of such action, and shall prescribe rules for the commencement and trial of the same. Such action shall be *commenced by filing* with the Clerk of the Supreme Court *a certified copy of the order, decision or award* of the Workers' Compensation Court sitting en banc or the judge attached to the petition by the complaint wherein the complainant or petitioner shall make his assignments or specifications as to wherein said order, decision or award is erroneous or illegal. Provided, however, *no proceeding*

to reverse, vacate or modify any order, decision or award of the Workers' Compensation Court sitting en banc or judge of the Court wherein compensation has been awarded an injured employee *shall be entertained* by the Supreme Court *unless the Administrator shall take a written undertaking to the claimant* executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the Administrator, *to the effect that the appellant will pay the amount of the award rendered therein, together with interest thereon from the date of the award* by the judge of the Court and all costs of the proceeding, *or on the further order* of the Workers' Compensation Court sitting en banc or judge of the Court *after the appeal has been decided by the Supreme Court,* except that municipalities and other political subdivisions of the State of Oklahoma are exempt from making such written undertakings.... The Supreme Court shall require the appealing party to file within forty-five (45) days from the date of the filing of an appeal or an order appealed from, a transcript of the record of the proceedings before the Workers' Compensation Court, or upon application and for good cause shown, the Supreme Court may extend the time for filing said transcript of the record for a period of time not to exceed ninety (90) days from said date, *and such*

¶ 4 To understand the language in subsection (G) that "interest shall be *computed* pursuant to Section 727" it is necessary to know what § 727 says about "computing" interest.[3] The general directive in § 727 for "computing" interest is that "interest shall be determined using a rate equal to the average United States Treasury Bill rate of the preceding calendar year as certified to the Administrative Director of the Courts by the State Treasurer on the first regular business day in January of each year plus four percentage points." 12 O.S.2001 § 727(I).

■ ¶ 5 It is well settled that words used in a statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, or when given a special definition by law. 25 O.S.2001 § 1. It is reasonably clear that the Legislature used the term "computed" in § 3.6(G) and "computing" in § 727(I) in the same sense. Each of these words are derived from the verb "compute" and in context mean: "To determine by mathematics esp. by numerical methods: *computed the tax due* [and to] determine an amount or number." American Heritage Dictionary 304 (2nd College ed.) The directive that interest provided in section 3.6 "shall be computed pursuant to Section 727 of Title 12" simply means that the court shall use the applicable rate of interest provided by § 727. It does not reflect intent to incorporate § 727 as a general source of authority for the award of either pre-award or post-award interest.

¶ 6 Our conclusion that subsection 3.6(G) was merely prescribing the use of the rate of interest as set forth in § 727, is further supported by another provision in the 1993

amendment to § 3.6. The 1993 amendment deleted the fixed interest rate of 18% that had previously been applied to interest in certain post-award cases in the 1991 version and added the language: "For purposes of this section, interest shall be computed pursuant to Section 727 of Title 12 of the Oklahoma Statutes."[4] In place of the fixed interest rate, the Legislature substituted the interest rate in § 727 for all purposes under § 3.6.

■ ¶ 7 It has long been recognized that the amendment of an act in general, or of a particular section of an act, implies merely a change of its provision on the same subject to which the act or section relates. *Pirkey v. State ex rel Martin,* 1958 OK 153, 327 P.2d 463 (syllabus 3). In the case at hand, the "same subject" to which the prior version of § 3.6 and its 1993 amendment relate is *interest in certain post-award cases* and the "change of its provisions" on this subject embraces *the rate of interest* only.

¶ 8 Mrs. Reeder's quest to add prejudgment interest to the death benefit award has been predicated on a perceived intent by the Legislature to treat Workers' Compensation awards "uniformly" with personal injury judgments. She points out that such uniform treatment is manifest because the Legislature did not expressly limit interest in subsection (G) to post-judgment interest. To be sure, the Legislature did not use the modifying term "post-judgment" to describe the interest that "shall be computed pursuant to Section 727." However, as noted, the Legislature did state that the computation of interest computed pursuant to § 727 was "[f]or purposes of this section [*i.e.* 3.6]." That

---

action shall be subject to the law and practice applicable to other civil actions cognizable in said Supreme Court. The Court whose action was appealed shall enter any order directed by the Supreme Court under the final determination."

Subsection (D) states: *"When the only controverted issue in a death claim is the determination of proper beneficiaries* entitled to receive death benefits, and the parties-beneficiary appeal the decision of the Court, *the employer or insurance carrier may pay the proceeds, as they accrue, to the Administrator.* The *Administrator shall hold the proceeds in trust in an interest-bearing account during the appeal* period and shall distribute the proceeds and interest to the proper beneficiaries upon written direction of the Court.

The employer or insurance carrier shall not be taxed interest or cost on the order of the death claim if payments have been made to the Administrator as they accrue."

3. 85 O.S.2001 § 3.6(G), is also identical to 85 O.S. Supp.1995 § 3.6(G), which states: "For purposes of this section, interest shall be computed pursuant to Section 727 of Title 12 of the Oklahoma Statutes."

4. The 1993 amendment designated this as subsection (E), and was subsequently was renumbered in 1994 as subsection (G).

is, any interest pursuant to § 727 was for interest authorized by § 3.6.

¶ 9 In conclusion, we hold that the language in subsection 3.6(G) of the Workers' Compensation Act, directing that "interest shall be computed pursuant to Section 727 of Title 12," means that interest provided in § 3.6 shall be computed using the rate of interest set forth in § 727. This interpretation is dictated by the text of subsection 3.6(G), the ordinary meaning of the words therein and the legislative history of § 3.6. These same considerations reveal *no intent* on the part of the Legislature for § 727 to serve as a general source of authority to award interest on Workers' Compensation awards. Accordingly, the Workers' Compensation Court did not err in denying the request of Naomi Reeder to add prejudgment interest to an award of death benefits, as such interest is not authorized by § 3.6 of the Workers' Compensation Act or any other provision of the Workers' Compensation Act. The judgment denying the request to add prejudgment interest to the award is **SUSTAINED.**

¶ 10 EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, and REIF, JJ., concur.

¶ 11 OPALA, J., concur in part; dissent in part.