2010 OK CIV APP 53

**Terry G. STEPHENS, Petitioner,**

v.

**OKLAHOMA HIGHWAY PATROL, Compsource Oklahoma, and the Workers' Compensation Court, Respondents.**

**No. 107,255.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 23, 2010.

Harry J. "Trey" Kouri, III, Sidney A. Musser, Jr., Musser, Kouri & Grant, Oklahoma City, OK, for Petitioner.

Cynthia S. Dugger, Shdeed & Dugger, Oklahoma City, OK, for Respondents.

LARRY JOPLIN, Presiding Judge.

¶ 1 Petitioner Terry G. Stephens (Claimant) seeks review of the trial court's order denying interest on an award against the Respondent Oklahoma Highway Patrol (Employer). In this review proceeding, Claimant challenges the denial of interest as contrary to law and equity.

¶ 2 Claimant suffered a job-related injury to his ears. Employer admitted occurrence of the injury, provided necessary medical treatment and paid Claimant for temporary total disability (TTD).

¶ 3 Claimant subsequently sought an adjudication of permanent total disability (PTD). The Workers' Compensation Court found Claimant was not PTD, but granted benefits for permanent partial disability (PPD), accrued (in lump sum) and continuing, and allowed Employer credit for overpayment of TTD.

¶ 4 Claimant then filed his petition for review, challenging denial of his claim for PTD. The Court of Civil Appeals sustained the order of the Workers' Compensation Court with modification not relevant to this proceeding. *Stephens v. Oklahoma Highway Patrol,* Case No. 105,097 (Ok.Civ.App.Div.II, Sept. 26, 2008).[1]

---

1. Not for publication. Claimant's Petition for     Certiorari, denied Jan. 12, 2009.

¶5 After entry of mandate, Claimant sought the imposition of interest and penalty for Employer's failure to promptly pay the PPD benefits awarded. Claimant requested an award of interest from the date of the Workers' Compensation trial court's award until the date of payment, some twenty months. Employer objected and asserted Oklahoma law did not permit the award of interest to Claimant. After a hearing, the Workers' Compensation trial court denied Claimant's application for penalty and interest.

¶6 Claimant now seeks review in this Court. Claimant asserts the trial court erred as a matter of law and fact in denying interest, because 85 O.S. § 42(A), the Rules of the Workers' Compensation Court, and 12 O.S. § 727 authorize an award of interest under the circumstances of this case.

¶7 Section 42(A) provides:

A. If payment of compensation or an installment payment of compensation due under the terms of an award, . . ., is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court. *Any compensation awarded and all payments thereof directed to be made by order of the Court, . . ., shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid by the Court until the date of satisfaction. . . .* Upon the filing of the certified copy of the Court's award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by Title 12 of the Oklahoma Statutes; provided, however, the provisions of this section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may

hereafter be adopted relating to liens or enforcement of awards or claims for compensation.

85 O.S.2001 § 42. (Emphasis added.) Section 727(A) provides:

1. Except as otherwise provided by this section, *all judgments of courts of record,* including costs and attorney fees authorized by statute or otherwise and allowed by the court, *shall bear interest* at a rate prescribed pursuant to this section.

2. *Costs and attorney fees allowed by the court shall bear interest from the earlier of the date the judgment or order is pronounced,* if expressly stated in the written judgment or order awarding the costs and attorney fees, *or the date the judgment or order is filed with the court clerk.*

12 O.S. Supp.2004 § 727. (Emphasis added.) *And see,* Rule 2, Rules of the Workers' Compensation Court, 85 O.S., Ch. 4, App.[2]

■■■ ¶8 The Workers' Compensation Court has no authority to grant interest on an award unless Oklahoma workers' compensation law specifically allows the imposition of interest. *First Baptist Church, Bristow v. Holloway,* 1965 OK 68, 402 P.2d 260; *Special Indemnity Fund v. Horne,* 1954 OK 293, 276 P.2d 240. Section 727 does not authorize the imposition of interest on an award of the Workers' Compensation Court. *In the Matter of the Death of Reeder,* 2009 OK 54, 217 P.3d 113; *City of Tulsa v. Smittle,* 1985 OK 37, 702 P.2d 367. Rather, "the specific provisions of 85 O.S. §§ 3.6 and 42 are applicable and controlling." *Smittle,* 1985 OK 37, ¶17, 702 P.2d at 371.

¶9 In this respect, § 3.6 first provides:

. . . . [W]hen the order of the Judge of the Court making an award to a claimant is appealed by the employer or the insurance carrier, interest shall be allowed on the accrued amounts of the award due from the date the award was filed, if the award is not modified or vacated on appeal.

85 O.S.2001 § 3.6(A). Section 3.6 further provides:

. . . . The order, decision or award of a judge of the Court shall be final and con-

---

**2.** "Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these rules will be guided by practice or procedure followed in the district courts of this state."

clusive upon all questions within his jurisdiction between the parties unless appealed directly to the Supreme Court or to the Workers' Compensation Court sitting en banc as hereinbefore provided. Any party litigant desiring to appeal directly from such order, decision or award to the Supreme Court, shall, within twenty (20) days after a copy of the order, decision or award has been sent by the Administrator to the parties affected, commence an action in the Supreme Court of the state to review such order, decision or award. The Supreme Court shall have original jurisdiction of such action, and shall prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the Clerk of the Supreme Court a certified copy of the order, decision or award of the Workers' Compensation Court sitting en banc or the judge attached to the petition by the complaint wherein the complainant or petitioner shall make his assignments or specifications as to wherein said order, decision or award is erroneous or illegal. *Provided, however, no proceeding to reverse, vacate or modify any order, decision or award of the Workers' Compensation Court sitting en banc or judge of the Court wherein compensation has been awarded an injured employee shall be entertained by the Supreme Court unless the Administrator shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the Administrator, to the effect that the appellant will pay the amount of the award rendered therein, together with interest thereon from the date of the award by the judge of the Court and all costs of the proceeding, or on the further order of the Workers' Compensation Court sitting en banc or judge of the Court after the appeal has been decided by the Supreme Court,....* Before the Clerk of the Supreme Court shall accept the action for filing, a certificate from the Administrator shall be required, showing that this provision has been complied with.

85 O.S. § 3.6(C).

¶ 10 Section 42(A) clearly authorizes the assessment of interest against *an em-ployer* who fails to promptly pay an award. Section § 3.6(C) clearly authorizes the assessment of interest against *an employer* for that period *an employer* withholds payment of the award during *the employer's* appeal to the Supreme Court. Indeed, *the employer's* commencement of a proceeding to review an award is conditioned on the posting of a bond to secure payment of both the award and interest in the event *the employer* is unsuccessful on appellate review. The imposition of interest when the employer withholds payment during an unsuccessful appeal both serves as a penalty for prosecuting a frivolous appeal and compensates the claimant for the lost use of his money when payment should have been made earlier. *See, e.g., Cyrus v. Vierson & Cochran, Inc.,* 1981 OK CIV APP 40, 631 P.2d 1349.

¶ 11 However, neither § 3.6 nor § 42(A) authorize the imposition of interest against *the employer* for that period payment of an award is withheld during *an appeal by the claimant.* While the legislature specifically authorized the collection of interest *from the employer* for that period the employer withholds payment during the *employer's unsuccessful appeal,* the legislature did not specifically allow the imposition of interest on payments withheld during a *claimant's unsuccessful appeal.* To allow the taxation of interest for that period of time during a *claimant's unsuccessful appeal* would invite the filing of frivolous appeals by claimants for the sole purpose of collecting interest at rates well above rates available in the market.

¶ 12 We therefore hold neither § 3.6 nor § 42 authorize the imposition of interest on payments withheld during a claimant's unsuccessful appeal. The trial court did not err in denying Claimant's request for taxation of interest. The order of the trial court is SUSTAINED.

BELL, V.C.J., and MITCHELL, J., concur.